**In re CLORE et al.**

**No. 11091.**

District Court, W. D. Kentucky.

Sept. 5, 1935.

Steinfeld & Steinfeld, of Louisville, Ky., for petitioners.

Grover G. Sales, of Louisville, Ky., for Clarence Thomas.

HAMILTON, District Judge.

In this case the debtors, John B. Clore and Anna H. Clore, filed a petition on February 27, 1935, under section 75 of the Bankruptcy Act as amended, 11 USCA § 203, alleging that they were personally engaged primarily in farming operations and that they were unable to meet their bills as they matured, and that they desired to effect a composition or extension of time to pay their debts under section 75 of the Bankruptcy Act. On the same date, the court entered an order referring the matter to a conciliation commissioner for proceedings required under section 75 of the Bankruptcy Act, and in said order restrained any court proceedings against said petitioners or their property.

On March 25, 1935, the conciliation commissioner made his report and advised the court it had not been possible to effect an offer in composition with the creditors of petitioners, and the court gave petitioners until April 10, 1935, within which to file an amended petition under the Frazier-Lemke Act (Bankr. Act § 75 (s), 11 USCA § 203 (s).

On April 1, 1935, petitioners filed an amended petition asking to be adjudged bankrupts under section 75 of said act, as amended (11 USCA § 203) and on the same date the court so adjudged them, and ordered the matter referred to the referee in bankruptcy.

On June 12, 1935, Judge Charles I. Dawson entered an order dissolving the injunction and restraining order theretofore issued.

No further steps were taken in the matter until July 20, 1935, when Clarence F. Thomas, a preferred creditor, filed a motion to dismiss the bankruptcy proceedings on the ground that section 75 (s) of the Bankruptcy Act, known as the Frazier-Lemke Act (11 USCA § 203 (s), under which the proceedings adjudicating the petitioners bankrupt had been filed, was unconstitutional and void, and had been so declared by the Supreme Court.

On July 27, 1935, this court, on the hearing of this motion, set aside all orders theretofore entered with reference to the filing of the amended petition under section 75 (s) of the Bankruptcy Act, and all orders subsequent to the filing of said amended petition, and dismissed said amended petition without prejudice.

On August 30, 1935, the petitioners tendered in court a petition setting out that Clarence F. Thomas had by virtue of a sale held under judgment of the Jefferson circuit court become the purchaser of their real estate, said sale having been held in an action instituted by the St. Matthews Bank & Trust Company against the debtors, and that the commissioner of the Jefferson circuit court had executed and delivered to said Clarence F. Thomas deed to said property, which had been recorded in the office of the clerk of the Jefferson county court.

The petition also stated that on motion of said Thomas, an order was entered in said action directing the petitioners to deliver possession of said property to said Thomas, and directing the sheriff of said county to dispossess the debtors and deliver possession to said Thomas on or before September 1, 1935, and that said sheriff had notified these debtors that he would execute said order on Saturday, August 31, 1935. Petitioners asked the court to restrain the sheriff from enforcing the order of the Jefferson circuit court. This matter is before this court on motion to file this petition.

The parties have filed in these proceedings an agreed statement of facts which shows that on April 9, 1934, the St. Matthews Bank & Trust Company of St. Matthews, Jefferson County, Ky., instituted an action in the Jefferson circuit court, Jefferson county, Ky., against the bankrupts herein seeking a personal judgment against them, and a foreclosure and sale of a certain farm of the bankrupts. The Federal Land Bank of Louisville, Ky., also had a mortgage on part of the property, and it intervened in the action and asked for a sale of the property subject to its lien. Clarence F. Thomas, the holder of a second lien on the property, also intervened in the action.

On April 22, 1934, all parties being before the court, it entered a judgment decreeing a sale of the property to satisfy the debts of the various lien creditors. The property was advertised for sale under the judgment of the Jefferson circuit court on December 17, 1934. This sale was prevented by the original proceedings in this court, heretofore outlined. The property was re-advertised by the commissioner and sold on June 10, 1935, and Clarence F. Thomas became the purchaser. A report of the sale was made to the Jefferson circuit court and by it confirmed June 21, 1935, and the commissioner ordered to make a deed to the purchaser. The deed was executed and approved by the Jefferson circuit court on July 1, 1935, and duly recorded in the county court clerk's office.

On August 5, 1935, the Jefferson circuit court ordered a writ of possession issued to the purchaser returnable September 1, 1935. On August 30th the return date was extended to September 5, 1935. The bankrupts are still in possession of the property.

The bankrupts have no right of redemption under the laws of the commonwealth of Kentucky, because the sale price of the property was in excess of two-thirds of its appraised value.

The bankrupts claim that this court has jurisdiction to restrain the execution of the writ of possession of the Jefferson circuit court pursuant to the provisions of the amendment to the so-called Frazier-Lemke Act, Seventy-Fourth Congress, not yet citable [11 USCA § 75 (s)]. The jurisdictional subsection of the act is as follows: "(5) This Act shall be held to apply to all existing cases now pending in any Federal court, under this Act, as well as to future cases; and all cases that have been dismissed by any conciliation commissioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges. Any farm debtor who has filed under the General Bankruptcy Act may take advantage of this section upon written request to the court; and a previous discharge of the debtor under any other section of this Act shall not be grounds for denying him the benefits of this section."

The above section is broad enough to confer jurisdiction on this court to restrain further proceedings in the state court, unless vested rights have accrued.

Section 75 of the Bankruptcy Act became a law March 3, 1933, chapter 204, § 1, 47 Stat. 1470, 11 USCA § 203: Subsection (o) of section 75, 11 USCA § 203 (o), provided, among other provisions, that proceedings for foreclosure of mortgages on land were prohibited after petition was filed under the section, except upon petition made to and granted by the presiding judge of the bankruptcy court.

Subsection (s) of section 75 was added by an Act of June 28, 1934, c. 869, 48 Stat. 1289, 11 USCA § 203 (s).

In the case of Louisville Joint Stock Land Bank v. Radford, Sr., 295 U. S. 555, 55 S. Ct. 854, 79 L. Ed. 1593, 97 A. L. R. 1106, the Supreme Court decided that subsection (s) of section 75 was unconstitutional and void. Subsection (o) was not directly involved in the above case, and the Supreme Court has not declared that section unconstitutional. Subsection (s) was supplementary to subsection (o), and it does not necessarily follow that (o) con-

travenes the Constitution because (s) is in conflict therewith. Subsection (o) did not absolutely remove from the jurisdiction of the state courts foreclosure proceedings. Compliance with this section required the consent of the bankruptcy court before proceeding further in the state court.

In the case at bar on June 12, 1935, on petition to the court for its consent to proceed with the foreclosure proceedings in the Jefferson circuit court, Judge Dawson, after reciting that section 75 (s) of the Bankruptcy Act (11 USCA § 203 (s) was unconstitutional and that Clarence Thomas had obtained a judgment in the Jefferson circuit court adjudging him a lien on the real estate of the bankrupt and a decree of sale by that court, entered the following order: "It is now ordered and adjudged, that the order heretofore entered on February 27, 1935 in this action adjudging that no proceedings shall be instituted in any court for a foreclosure of a mortgage on the land of petitioners, or directing that no proceeding shall be instituted by way of execution, attachment, or garnishment, or to sell any of their said land under or in satisfaction of any judgment, be, and it is hereby set aside as of June 10, 1935 and this order is entered and now noted of record and treated as filed as of said June 10, 1935. To all of which the debtor objects."

Pursuant to the consent of the court, Thomas procured the judgment in the Jefferson circuit court and bought the property at decretal sale, obtained a deed, and completely divested the bankrupts of any title or interest in the property. According to the record they now have no interest whatever in the land and are not entitled to its possession. There was a full compliance with section 75 (o), and while, as I view it, the invalidity of section 75 (s) did not require Judge Dawson to dissolve the injunction issued under section 75 (o), the court had jurisdiction to enter the consent order, and whatever rights were obtained by Thomas under the judgment of the Jefferson circuit court, and consented to by this court, are now vested and this court is without jurisdiction to deprive him of them. Without an enabling act, this court had authority to set aside its consent to the proceedings in the state court, but after it had consented, it is now without authority to withdraw its consent because rights have become vested

under the judgment of the Jefferson circuit court. Sandusky v. First National Bank, 90 U. S. (23 Wall.) 289, 294, 23 L. Ed. 155.

Subsection 5, heretofore copied in this opinion, cannot be construed to confer on the bankruptcy court the power to divest citizens of title to property which was already vested at the time the act was passed. To so hold would bring it afoul of the due process clause. . See Compton v. Birnie Trust Company (C. C. A.) 76 F. (2d) 639; Holt v. Henley, Trustee, 232 U. S. 637, 34 S. Ct. 459, 58 L. Ed. 767.

An order will be entered directing the petition to be marked "tendered for the purpose of the record," and the stipulation of facts submitted with the motion to file the petition will be filed as a part of the record.