In re WEISE.

No. 22192.

District Court, W. D. New York.

Nov. 29, 1935.

Layton H. Vogel, of Buffalo, N. Y., for Hobert L. Himes, judgment creditor.

Hugh V. N. Bodine, of Jamestown, N. Y., for debtor.

KNIGHT, District Judge.

In or about August 17, 1934, one Himes instituted suit against the debtor above-named for the foreclosure of a mortgage. On August 31, 1934, the above-named debtor filed his petition under the provisions of section 75 (s) of the Bankruptcy Act (11 U.S.C.A. § 203 (s), known as the Frazier-Lemke Act, praying an op-

---

portunity to effect a composition or extension of time to pay his debts. A meeting of debtor's creditors was called. No composition or extension was effected. Thereafter, and on March 5, 1935, by order of this court the proceedings for composition or extension were reopened, and the foreclosure suit stayed pending the determination of such proceedings. Upon a hearing before the Conciliation Commissioner held on April 17, 1935, a proposed extension was rejected by the secured creditors whose claims constituted more than a majority of all known claims. On June 8, 1935, on notice to the debtor, application was made to this court to vacate the stay aforesaid. Debtor did not appear. No objection was made. The application was granted. The foreclosure suit was later progressed to a sale, and sale had thereunder. The property was purchased by the mortgagee and a referee's deed to him executed.

Application is now made to this court for an order reopening the proceedings aforesaid, instituted by above-named debtor, and for an order staying any proceedings to remove debtor from the premises sold as aforesaid. The application must be denied. The suit for foreclosure was prosecuted to a sale, pursuant to an order on notice without objection, and after proceeding for a composition or extension had failed of accomplishment. No petition in bankruptcy was thereafter filed. It is assumed that it is intended to file a petition in bankruptcy herein provided the proceedings are now reopened so that the debtor may obtain the benefits of the amendment to subsection (s) of section 75 (11 U.S.C.A. § 203 (s).

The amendment of 1935 to the so-called Frazier-Lemke Act purports to make the act retroactive as to all proceedings theretofore brought under the original act. The amendment of August 28, 1935, has been held unconstitutional in several cases by the District Courts. In re Young, Debtor (D.C.S.D.Ill. Oct. 21, 1935) 12 F.Supp. 30; In re Sherman, Debtor (D.C.W.D.Va. Nov. 8, 1935) 12 F.Supp. 297; Lafayette Life Insurance Co. v. Lowmon (C.C.A. 7th Cir.) 79 F.(2d) 887. In each of these cases the foreclosure of a mortgage had proceeded to a sale. While it seems that the amendments of 1935 are unconstitutional when judged by the reasoning found in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, there are even stronger reasons for denying this application than are found there and in the other cases cited. The original proceedings for extension or compromise resulted to no action to either purpose. Without objections the original order staying foreclosure was vacated and foreclosure and sale have been had, and title passed, without objection. Vested property rights cannot be taken away ad libitum by retrospective legislation. The amendment of 1935 recites that it "shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases." No reason is seen why, if desired, the proceedings for an extension or compromise could not now be resubmitted to the Conciliation Commissioner, without affecting the property sold under the mortgage. It is my understanding, however, that the principal purpose of the application is to procure an extension or compromise as regards this mortgage, and that the elimination of the mortgaged property from consideration would remove any desire to proceed in bankruptcy. It is obvious that this is so because this mortgaged property constitutes all, or substantially all, of the property in which debtor claims an interest.

The motion should be and is denied, subject, however, to the right in the debtor, if desired, to take an order for reopening of the conciliation proceedings, but excluding from consideration therein the aforesaid property sold on the foreclosure sale.

In writing this opinion, I have in mind that part of section 75 of the Bankruptcy Act may be constitutional and part unconstitutional. While the proceedings for extension or compromise may have little force so far as compelling action therein is concerned, yet I see no legal reason why an opportunity for extension or compositions of a debtor's debts should not be given through statutory action. This is apart from the provision of the act allowing subsequent filing of a petition in bankruptcy.