## DU BOSE v. FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA.

### No. 4026.

Circuit Court of Appeals, Fourth Circuit.

April 15, 1936.

S. B. Knotts, Jr., of Columbia, S. C., for appellant.

J. E. Belser, of Columbia, S. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a petition for an appeal to superintend and revise an order of the District Court for the Eastern District of South Carolina under section 24b of the Bankruptcy Act (11 U.S.C.A. § 47). It appears that on June 20, 1934, the First Carolinas Joint Stock Land Bank commenced a suit to foreclose a mortgage on land of the petitioner. Decree was obtained in that suit and the land was sold thereunder on January 7, 1935, but deed was not delivered until August 7, 1935. The reason for the delay in the delivery of the deed was that petitioner commenced proceedings under the Frazier-Lemke Act (Act June 28, 1934, 48 Stat. 1289) on February 11, 1935; but these proceedings were dismissed by order of August 7, 1935, on the ground that the Frazier-Lemke Act was unconstitutional (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 535, 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106), and the foreclosure sale was immediately completed and the deed conveying title to the land sold under foreclosure was delivered. On September 10, 1935, subsequent to the execution and delivery of the deed and more than 30 days after order dismissing the proceedings had been entered, petitioner prayed an appeal from that order, which he subsequently abandoned. He then prayed that an order reinstating the proceedings be entered pursuant to the provisions of the Act of Congress of August 28, 1935, c. 792 (section 6 of the Act, 11 U.S.C.A. § 203(s), and an order was entered on September 20, 1935, reinstating the petition, and the matter was referred to a conciliation commissioner. Subsequently, the First Carolinas Joint Stock Land Bank obtained from the court on January 22, 1936, an order vacating the order of September 20, 1935, to the extent that it was given any retroactive force with respect to the land conveyed in the foreclosure proceedings on August 7, 1935. It is this order that we are asked to review.

Without expressing any opinion as to the constitutional validity of the Act of August 28, 1935, but assuming same to be valid, we think that the petition for appeal should be denied. As the property in question had been conveyed in the foreclosure proceedings and no title to or interest therein remained in the petitioner, the reinstatement of the proceedings which had been dismissed could not vest the court with any jurisdiction or control over it. Compton v. Birnie Trust Co. (C.C.A. 4th) 76 F.(2d) 639; In re Weise (D.C.) 12 F.Supp. 871. It is not reasonable to assume that Congress intended by the Act of August 28, 1935, to authorize the Bankruptcy Court to assume jurisdiction over property of which a debtor had been completely divested of all interest by proceedings in a state court prior to the passage of the act.

Petition denied.