## MINNEMAN v. FEDERAL LAND BANK OF LOUISVILLE et al.

## BOND v. LAFAYETTE JOINT STOCK LAND BANK et al.

## CROUSE v. PROVIDENT MUT. LIFE INS. CO. et al.

## NEVINS v. FEDERAL LAND BANK OF LOUISVILLE.

Nos. 6851, 6859, 6866, 6865.

Circuit Court of Appeals, Seventh Circuit.

June 2, 1939.

Rehearing Denied July 13, 1939.

Samuel E. Cook, of Huntington, Ind., for appellants Minneman and Bond.

Paul R. Shafer, of Terre Haute, Ind., for appellant Crouse.

B. F. Small, of Terre Haute, Ind., for appellant Nevins.

William C. Goodwyn, J. F. Williamson, and John S. Grimes, all of Louisville, Ky., for appellees Federal Land Bank of Louisville et al.

Ross McCabe, of Lafayette, Ind., for appellee Lafayette Joint Stock Land Bank.

Millard C. Morrison, of Frankfort, Ind., for appellees Arthur and Rena M. Mundell.

George L. Denny and Charles C. Baker, both of Indianapolis, Ind., for appellees Provident Mut. Life Ins. Co. of Philadelphia et al.

William C. Goodwyn, J. F. Williamson, and John S. Grimes, all of Louisville, Ky., for appellee (McFaddin & McFaddin, of Rockville, Ind., and Davis Harrison, of Indianapolis, Ind., of counsel), for appellee Federal Land Bank of Louisville.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

These four appeals are from four similar orders entered by the District Court, November 15, 1938, in four separate actions instituted under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. Because the questions presented by the four cases were practically identical, we ordered that they be heard together and we have so considered them.

The question presented in each case is the validity of an order striking from the debtor's schedule certain real estate, and dismissing the debtor proceeding. We append a chart showing the chronological sequence of events in the various proceedings.* It is clear that with a few variations indicated on the chart, the facts in each case follow the same pattern: Foreclosure of mortgages after default; petitions by mortgagors for extension or composition under section 75; stay of foreclosure proceedings pending disposition of debtor proceedings; failure of proceedings for composition, in some but not all cases followed by amendment of petitions for relief under subsection (s) of section 75; dismissal of the debtor proceedings in all cases on the ground of the unconstitutionality of subsection (s) on the authority of a case decided by the lower court, In re Mullikin; sale of the real estate; filing of a second petition under section 75 very shortly before the expiration of the period of redemption; dismissal of the second petition; issuance of the sheriff's deed; surrender of possession to the purchaser; reinstatement of the proceedings on motion of the court following the amendment on March 4, 1938, of section 75(s) to provide for reinstatement of all cases erroneously dismissed on the ground of the unconstitutionality of subsection (s); orders of November 15, 1938, sustaining motions by the various creditors and intervenors in the proceedings to strike the real estate from the schedules and dismiss the proceedings. In each case the court found as a part of its conclusions of law, that there was no reasonable hope that the debtor could rehabilitate himself or herself within the three-year period provided by the Act. In three of the cases (Nevins, Bond, Crouse) the real estate in question had been sold, after issuance of the sheriff's deed, and prior to the reinstatement of the

| * | Minneman | Bond | Nevins | Crouse |
|---|---|---|---|---|
| Foreclosure | Sept. 1935 | Oct. 22, 1935 | June 5, 1934 | July 16, 1934 |
| Petition Under Section 75 Filed | March 31, 1936 | Nov. 6, 1935 | Aug. 10, 1934 | Aug. 20, 1934 |
| Approved and Referred to Con. Com. | April 2, 1936 | | | Aug. 20, 1934 |
| Dismissal | May 21, 1936 | June 30, 1936 | July 3, 1935 | June 15, 1935 |
| Amended Petition 75 (s) | | Jan. 14, 1936 | Dec. 6, 1934 | Nov. 4, 1935 |
| Sale | July 24, 1936 | July 15, 1936 | Dec. 5, 1936 | July 22, 1935 |
| Second Pet. Under 75 | July 23, 1937 | June 21, 1937 | Sept. 23, 1935 | |
| Second Pet. Dismissed | Aug. 20, 1937 | Oct. 28, 1937 | June 30, 1936 | June 30, 1936 |
| Deed | After July 23, 1937 | July 17, 1937 | After expiration of period of redemption | July 29, 1936 |
| Reinstatement on Motion of Court | March 19, 1938 | March 19, 1938 | March 22, 1938 | March 19, 1938 |
| Possession Surrendered to Purchaser | Sep. 20, 1937 | Feb. 28, 1938 | After Feb. 25, 1938 | Feb. 19, 1937 |

causes, to third parties who had thereupon entered into possession of the land.

The amendment of March 4, 1938, 11 U.S.C.A. § 203(s) (5), under which the court acted in reinstating the causes, and upon which appellants rely, provides as follows:

" (5) This title shall be held to apply to all existing cases now pending in any Federal court, under this section, as well as to future cases. All cases under this section that have been dismissed by any conciliation commissioner, referee, or Federal court because such Court erroneously assumed or held that subsection (s) of this section was unconstitutional, shall be promptly reinstated, without any additional filing fees or charges. Any farm debtor who has filed under the General Bankruptcy Act may take advantage of this section upon written request to the court; and a previous discharge of the debtor under any other section of this title shall not be grounds for denying him the benefits of this section."

Appellants earnestly contend that the effect of this amendment is to authorize reinstatement of all farmer-debtor proceedings to permit attempts at rehabilitation under subsection (s) regardless of whether or not rights of others have intervened, and become fixed in the meantime; that "Any rights which the appellee in either of these cases may have acquired in the real estate struck out were acquired by and through the mortgage contracts, and were obtained in the exercise of the various steps incidental to the mortgage contract, and were subject to being affected by any of the rights reserved unto Congress as reserved legal postulates of law, and such purchaser at such sale could not acquire any rights that would defeat the right of Congress to exercise this reserved power. * * * Congress was during all this time (March 3, 1933 to March 4, 1938) dealing with this controversy or subject, and had the right and power to pass CURATIVE ACTS to remedy its mistakes in former efforts to regulate the subject, and to remedy the errors of courts acting under the former endeavors of Congress to regulate such subject or controversy even though such curative acts render ineffective final decisions of courts."

The District Court held, and we think rightly, that the amendment could not be legally construed as operating to set aside and invalidate final orders previously entered dismissing petitions in bankruptcy filed under section 75 where no appeal had been taken from such order of dismissal, and, subsequent to the dismissal of the proceedings, rights had been acquired and moneys invested on the faith of the effectiveness of such orders of dismissal.

At least one appellee (in No. 6866, Matter of Crouse) frankly admitted in oral argument the error of the order dismissing the debtor's second petition for relief filed just prior to the expiration of the period of redemption, which order of dismissal was predicated on the unconstitutionality of subsection (s), and we do not understand that other appellees are attempting to sustain its correctness. However, that is not to say that the orders were of no effect. The courts early distinguished between the effect of void and voidable orders. "The principle is too well settled, and too plain to be controverted, that a judgment of (sic) decree pronounced by a competent tribunal, against a party having actual or constructive notice of the pendency of the suit, is to be regarded by every other co-ordinate tribunal; and that if the judgment or decree be erroneous, the error can be corrected only by a superior appellate tribunal. The leading distinction is between judgments and decrees merely void, and such as are voidable only; the former are binding nowhere; the latter everywhere, until reversed by a superior authority." Hollingsworth v. Barbour, 4 Pet. 466, 471, 7 L.Ed. 922.

Here no appeals were taken from the orders admittedly erroneous, nor were applications made to the District Court for their reconsideration in accordance with the holding of the Supreme Court in Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. They therefore became final and binding, and the purchasers at the various foreclosure sales became entitled to the issuance of sheriff's deeds upon the expiration of the periods of redemption, the running of which was stayed only so long as the proceedings under section 75 remained pending. When the amendment of March 4, 1938, became effective, there were no proceedings then pending to be reinstated for the reason that the periods of redemption had expired and deeds had issued to the properties vesting title to them in other parties, which titles could not be divested by the subsequent legislation. McWilliams v. Blackard, 8 Cir., 96 F.2d 43; Du Bose v. First Carolinas

Bank, 4 Cir., 83 F.2d 97; Noll v. Union Bank, 3 Cir., 84 F.2d 568; In re Clore, D. C., 11 F.Supp. 465, affirmed 6 Cir., 90 F.2d 1004.

Appellants also challenge the correctness of the finding of the court in each case that the debtor had no reasonable hope of rehabilitation. They contend that the court had no evidence before it upon which to base such findings, and also, that the statute conferred an absolute right to a three-year moratorium at the end of which the debtor's ability to rehabilitate himself is to be considered, not at the beginning. Since we hold that there were no proceedings pending to be reinstated upon amendment of section 75(s), it is unnecessary for us to discuss this proposition.

Decrees        Affirmed.