## SANDUSKY *v.* NATIONAL BANK.

A petition addressed to the District Court "in bankruptcy sitting," by a person who has been decreed an involuntary bankrupt, "for a review of the record of the said proceedings in bankruptcy, and that the decree declaring the petitioner a bankrupt be set aside and vacated, and the petition of the petitioning creditor be dismissed and the petitioner's estate be restored to him; and for such other and further relief in the premises as may be equitable and just"—the orders and notices and every proceeding in the matter being entitled as in the original proceeding "in bankruptcy"—is but a petition filed in the original proceedings in bankruptcy; and is not a bill in equity to impeach the adjudication for fraud.  It cannot be separated from the original proceedings and taken into the Circuit Court by appeal as a case in equity under the eighth section of the Bankrupt Act.  If any action by the Circuit Court is wanted by the person decreed a bankrupt, he must obtain it under the second section of the Bankrupt Act, which gives a general supervisory jurisdiction to that court over the proceedings of the District Court, except where special provision is otherwise made. No special provision is made in such a case for review by the Circuit Court.  From any decision by the Circuit Court, acting in its general supervisory jurisdiction conferred by the second section, no appeal or writ of error lies to this court.

ON motion by *Mr. W. T. Otto*, to dismiss, for want of jurisdiction, an appeal from the Circuit Court for the Southern District of Illinois ; the case being thus:

By the Bankrupt Act it is thus in effect enacted:

"SECTION 1. That the several District Courts be . . . courts

of bankruptcy, and shall have original jurisdiction in their re-
spective districts in all matters and proceedings in bankruptcy.
. . . And the jurisdiction shall extend to all cases and contro-
versies arising between the bankrupt and any creditor who
shall claim any debt or demand under the bankruptcy," &c.

"SECTION 2. That the several Circuit Courts . . . within and
for the districts where the proceedings in bankruptcy shall be
pending, shall have a *general superintendence and jurisdiction* of
all cases and questions arising under this act; and *except where
special provision is otherwise made,* may, upon *bill,* petition, or
other proper process, of any party aggrieved, hear and deter-
mine the case [as] a court of equity.

"SECTION 8. That appeals may be taken from the District to
the Circuit Courts in all *cases in equity,*" &c.

In this state of statutory law, the First National Bank of
Indianapolis, on the 25th of August, 1871, filed a petition in
the District Court of the United States for the Southern Dis-
trict of Illinois, to have Harvey Sandusky adjudged a bank-
rupt. Sandusky appeared on the 5th September and, deny-
ing the allegations against him in the petition, demanded a
trial by jury. This demand was afterwards withdrawn by
his attorney, and, on the 30th January, 1872, he was in due
form adjudged by the court a bankrupt. Afterwards an
assignee, one J. G. English, was chosen and qualified, who
proceeded with the settlement of the estate.

On the 9th December, 1873, Sandusky served upon the
bank a notice, entitling it, "*In the matter of the petition of the
First National Bank of Indianapolis v. Harvey Sandusky, in
bankruptcy,*" and giving to the bank notice that "on the 10th
of December, 1873, at 10 o'clock A.M., before the Honorable
S. H. Treat, judge of the said court, at chambers, he, said
Harvey Sandusky, would move the court for leave to file his
petition in the above-entitled cause, for a review of the pro-
ceedings in the said cause, and to vacate the decree of bank-
ruptcy therein, and for other relief, which petition" the notice
stated that "the said Sandusky had on that day placed in the
hands and in the office of the clerk of said court for the
examination of the bank and of its attorneys."

On the 10th December an entry was made in the cause, reciting that on that day, before the Honorable S. H. Treat, judge, " *In the matter of Harvey Sandusky*, bankrupt, *in bankruptcy*, came the said Harvey, by his counsel, and the petitioning creditor, The First National Bank of Indianapolis, and J. G. English, the assignée, by their counsel, and that on motion of the said Harvey leave was given him to file his petition herein, which was accordingly done; and that on his further motion it was ordered by the court that the said First National Bank of Indianapolis and J. G. English file their answers to said petition on or before the first Monday of January next."

The petition was addressed to the court " in *bankruptcy* sitting," and prayed " for a review of the record of the said proceedings in *bankruptcy;* that the decree declaring the petitioner a bankrupt be set aside and vacated, and the amended and original petition of the said bank be dismissed, and that the petitioner's estate be restored to him; and for such other and further relief in the premises as may be equitable and just."

No defendants were named in the petition, and there was no prayer for process.

An answer was filed by the bank, and also by G. W. Parker, who acted as the agent of the bank in the original proceedings. The assignee did not answer. Testimony was taken, and on the 12th June, 1874, after full hearing, the petition was dismissed. Sandusky then prayed an appeal to the Circuit Court, which was allowed, and on 25th June that court affirmed the judgment of the District Court. He then appealed to this court. It was this appeal which it was now moved to dismiss for want of jurisdiction.

*Mr. William Tod Otto, in support of his motion,* argued that the supervisory jurisdiction vested in the Circuit Court of the United States, by the first clause of the second section of the Bankrupt Act, had been fully considered by this court and its exemption from any appellate control determined in

several well-known cases;* that these cases decide that from a decree of the Circuit Court, rendered in exercising such jurisdiction, no appeal lies to this court; that such jurisdiction, by the terms of that clause, extends to "all cases and questions arising under the act, except when special provision is otherwise made;" and that no special provision is made for any appellate jurisdiction over the finding and decision of a District Court on a petition in involuntary bankruptcy.

*Mr. J. Harper, contra,* argued that the petition of Sandusky "for a review of the proceedings" in his cause and to vacate the decree of bankruptcy therein, "and for other relief," gave to the petition the character of a "bill of review," and made a "case in equity;" that such a case when taken into the Circuit Court was taken there under the eighth section of the Bankrupt Act, giving an "appeal" from the District to the Circuit Court, and not under the second section, which gave to the Circuit Court a general revisory jurisdiction over the District Court, under which section, confessedly by all, no appeal would lie; just as if, on the other hand, the case was in the Circuit Court under the eighth section, and as a "case in equity," an appeal confessedly of all would lie to this court under the act of Congress of 1803,† which enacts that "from all final decrees in equity rendered in any Circuit Court in any cases of equity" . . . jurisdiction shall exist to review them.

The CHIEF JUSTICE delivered the opinion of the court.

To authorize an appeal to this court from the judgment or decree of a Circuit Court reviewing the action of a District Court under its bankruptcy jurisdiction, the case must be one in which an appeal may be taken from the District to the Circuit Court; that is to say, it must be a case in equity arising under or authorized by the Bankrupt Act.‡

In our opinion this is not such a case. A proceeding in bankruptcy from the time of its commencement, by the

---

* See them cited, *infra*, p. 293, by the court.—REP.

† 2 Stat. at Large, 244.　　　　　　　‡ Revised Statutes, § 4980.

filing of a petition to obtain the benefit of the act, until the final settlement of the estate of the bankrupt, is but one suit. The District Court, for all the purposes of its bankruptcy jurisdiction, is always open. It has no separate terms. Its proceedings in any pending suit are, therefore, at all times open for re-examination upon application therefor in an appropriate form. Any order made in the progress of the cause may be subsequently set aside and vacated upon proper showing made, provided rights have not become vested under it which will be disturbed by its vacation.

Applications for such re-examination may be made by motion or petition, according to the circumstances of the case. Such a motion or petition will not have the effect of a new suit, but of a proceeding in the old one.

In this case Sandusky had been adjudged a bankrupt in a suit to which he was a party. He desired to have that adjudication set aside, and accordingly filed his petition in the District Court for that purpose. This petition was filed in the original cause. It was in no sense whatever a bill in equity to impeach the adjudication for fraud. It had none of the forms of such a bill. On the contrary, it had all the forms of a petition for a rehearing in the original suit, and at the express request of Sandusky was filed as a petition in that suit. It thus became part of the proceedings in bankruptcy, from which it cannot be separated. No appeal could be taken from the whole proceeding, and consequently none can be taken from this as one of its parts. The only remedy provided for the correction of errors in such cases is to be found in the supervisory jurisdiction of the Circuit Courts under the provisions of the first clause of the second section of the Bankrupt Act.* From the decisions of the Circuit Court in the exercise of that jurisdiction no appeal lies to this court. It has been many times so decided.†

APPEAL DISMISSED.

* Revised Statutes, § 4976.

† Morgan *v.* Thornhill, 11 Wallace, 65; Hall *v.* Allen, 12 Id. 454; Mead *v.* Thompson, 15 Id. 638; Marshall *v.* Knox, 16 Id. 555; Coit *v.* Robinson, 19 Id. 285; Stickney *v.* Wilt, *supra*, 150.