In re WINDSOR SQUARE DEVELOP-
MENT, Inc.

BARRINGER et al. v. LILLEY et al.

No. 7765.

Circuit Court of Appeals, Ninth Circuit.

July 2, 1937.

Wm. H. Mackay and John L. Gust, both
of Phœnix, Ariz. (Ellinwood & Ross and
Kibbey, Bennett, Gust, Smith & Rosenfeld,
all of Phœnix, Ariz., of counsel), for ap-
pellant.

Thomas W. Nealon and Alice M. Birdsall, both of Phœnix, Ariz., for appellee Lilley, trustee.

Thos. Armstrong, Jr., R. Wm. Kramer, J. E. Morrison, Walter Roche, and Frank J. Duffy, all of Phœnix, Ariz., for appellee Central Arizona Light Co.

Cunningham & Carson, of Phœnix, Ariz., for appellee Grose.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

On October 25, 1930, the Windsor Square Development, Inc., filed a voluntary petition in bankruptcy, and on October 28, 1930, was adjudicated a bankrupt. On June 6, 1931, appellee George E. Lilley, trustee in bankruptcy, filed a petition entitled, "Trustee's petition to marshal liens and sell property free and clear of encumbrances." In this petition he alleged that among the assets belonging to the estate of the bankrupt and in the trustee's possession were certain lots located in Windsor Square in Maricopa county, Ariz. He alleged that the appellant, Margaret B. Barringer, claimed to have a lien on this property by virtue of a "declaration of trust," the parties to which were the said Margaret B. Barringer, the Phœnix Title & Trust Company, and Thomas J. Tunney, but that the alleged lien upon the property was void as against the trustee in bankruptcy and the creditors of the bankrupt because not recorded as required by the statutes of the State of Arizona. He alleged that the appellant Phœnix Title & Trust Company claimed to have an interest in the property and denied the validity of such interest because of lack of "information sufficient to form a belief in regard thereto." He alleged that appellees Salt River Valley Water Users' Association, Central Arizona Light & Power Company, County of Maricopa, John D. Calhoun, County Treasurer of the County of Maricopa, State of Arizona, Mitt Sims, Treasurer of the State of Arizona, and Thomas J. Tunney, claimed liens or some interest in the property and asked the court to determine the validity and amount of such liens or interest. He alleged that the best interest of the bankrupt estate required the sale of the property at private sale free and clear of all encumbrances and that any liens against the property should be transferred to the proceeds derived from the sale. He prayed for an order "marshaling the liens upon and interests in said property, determining the validity, amount and priority of liens and interests, ordering its sale at private sale, either as a whole or in parcels, free and clear of all encumbrances and interests, and transferring the rights of the parties to the fund derived from said sale."

An order to show cause was served on the parties claiming an interest in the property.

On October 19, 1931, the Phœnix Title & Trust Company answered the trustee's petition. It alleged that on December 17, 1928, appellant Margaret B. Barringer was the owner of the property described in the petition; that on that day she agreed to sell the property to Thomas J. Tunney who was acting as agent for L. D. Owens, Jr., H. C. Dinmore, and S. W. Mills; that in pursuance of that agreement appellant Barringer conveyed the property to Phœnix Title & Trust Company, which deed was recorded; that the Phœnix Title & Trust Company executed a declaration of trust which provided among other things that the Trust Company held the property in trust to secure the balance of the purchase price of the property owed by the beneficiary of the trust, Thomas J. Tunney; that thereafter Tunney assigned and transferred his interest in the trust and the property to L. D. Owens, Jr., H. C. Dinmore, and S. W. Mills; that L. D. Owens, Jr., H. C. Dinmore, and S. W. Mills assigned all their interest in the trust and property covered by the trust to the Windsor Square Development, Inc., the bankrupt; that thereafter the Windsor Square Development, Inc., assigned and transferred all of its interest in the declaration of trust and the property to L. D. Owens, Jr., which assignment was accepted by the Phœnix Title & Trust Company; that thereafter Len D. Owens, Jr., assigned and transferred to the Windsor Square Development, Inc., all his interest in the trust and the property therein described excepting certain described lots. The Trust Company prayed that the trust be recognized and that the estate of the bankrupt include only such beneficial interest under the trust that had been assigned to it or to which it had otherwise rightfully succeeded.

Appellant Barringer filed an answer to the trustee's petition setting up the declaration of trust and her rights thereunder. She denied that the bankrupt corporation had any right or interest in the premises described in the trustee's petition and prayed

for an order fixing the validity, extent and priority of her lien.

Appellees, the County of Maricopa and John D. Calhoun, treasurer of the county, answered the trustee's petition. They alleged the validity of claims for taxes which they had filed and prayed that the same be allowed and paid in full.

Appellee W. R. Wells answered the petition and alleged that certain lots of Windsor Square were sold to him by the bankrupt through its trustee Phœnix Title & Trust Company. He prayed for an order and decree that would fully protect his rights and that no interest by way of lien or otherwise be adjudicated prior to his interest.

Appellee J. Allen Wells answered the petition alleging that he purchased a lot in Windsor Square from the bankrupt.

Appellee Raymond L. Nier answered the trustee's petition alleging the purchase of one of the lots, payment of part of the purchase price, and claiming a lien on the lot for the amount paid.

Appellee E. L. Grose answered the trustee's petition and alleged that he had entered into an agreement with Phœnix Title & Trust Company for the purchase of two lots in Windsor Square and had made part payments on these lots. He alleged that the partnership of Owens-Dinmore was selling agent for the beneficiaries of the trust of the lands set forth in the declaration of trust, and as such agents, to induce the sale of the lots, made representations in regard to certain street improvements to be made. He alleged that these improvements were not made, and because of the failure to make these improvements, and because of the petition in bankruptcy, he failed to make any further payments upon his contract. He alleged that because of the failure of the beneficiaries to carry out these improvements the value of the lots were less than the amount he had already paid on the contract and prayed that the Phœnix Title & Trust Company be required to execute and deliver to him a warranty deed to the premises free from all liens.

Appellee Salt River Valley Water Users' Association answered the petition and claimed a lien on the land by virtue of a subscription to the association by a party who owned the land prior to the dates of ownership of any of the parties in the bankruptcy proceeding. It alleged that by such subscription the property was bound for the amount of assessments against said land imposed by the association.

Appellee Central Arizona Light & Power Company entered into a stipulation with the trustee in bankruptcy by which it was agreed that in any order entered by the referee there would be entered an order confirming the title of the appellee to rights of way and easements as they appeared on the plat or map of record of the Windsor Square Development, Inc., the bankrupt.

On September 17, 1932, the referee entered an "order and decree" providing that "neither Margaret B. Barringer nor the Phœnix Title & Trust Company hold any lien against, or interest in the property involved in this proceeding." The order fixed the liens and property interests of the Central Arizona Light & Power Company, and other appellees, including those who had answered the trustee's petition.

On September 29, 1932, appellants filed exceptions to the referee's order and petitions to review the order.

On December 13, 1934, the District Court affirmed the order of the referee. On December 17, 1934, upon motion of appellants, the District Court vacated its order affirming referee's order for the purpose of allowing the appellants to file further authorities. Thomas W. Nealon, counsel for the trustee in bankruptcy, was present at this proceeding.

On January 7, 1935, the District Court again affirmed the order of the referee reciting: "After an examination of the authorities and a further consideration of the entire matter, I see no reason to change my ruling."

On February 5, 1935, the appellants filed petitions for appeal from the order of the District Court of January 7, 1935. An appeal was allowed by the District Court on February 5, 1935, and by this court on October 21, 1935.

Appellee E. L. Grose, and George E. Lilley, trustee in bankruptcy, have moved this court to dismiss the appeal or affirm the order of the District Judge upon the ground that the appeal was not taken in the time allowed by law. It is contended that as no motion or petition for rehearing was filed subsequent to the District Court's order of December 13, 1934, affirming the referee's order, the District Court had no jurisdiction to vacate the order, and that the order of the District Court of December 17, 1934,

vacating that order, and the order of the District Court of January 7, 1935, again affirming the referee's order, were void.

■ There is no merit in this contention. The bankruptcy court has power to set aside any of its orders as long as the estate is not closed. Sandusky v. Bank, 23 Wall. 289, 23 L.Ed. 155; In re Ives (C.C.A.) 113 F. 911; see McLeod v. Boone, 91 F.(2d) 71, decided by this court June 7, 1937. It is true that ordinarily the proper procedure in such a case is for the party seeking to set aside an order to file a petition or motion and serve it upon the parties affected by the order sought to be vacated. Sandusky v. Bank, supra. We are concerned, however, with the power of the District Court to vacate its order and the right of a party to appeal from the order subsequently vacated. Where, as here, the order vacating the prior order was not made for the purpose of extending the time for appeal, and was made within the time an appeal could have been taken from the order vacated, the power of the District Court cannot be questioned and an appeal within thirty days of the final order is within time. West v. W. A. McLaughlin & Co's. Trustee (C.C.A.) 162 F. 124, 126; In re Rubin (C.C.A.) 1 F.(2d) 157; cf. Bonner v. Potterf (C.C.A.) 47 F.(2d) 852, 855; Mutual Bldg. & Loan Ass'n v. King (C.C. A.9) 83 F.(2d) 798; In re L. H. Seifer & Sons (C.C.A.) 78 F.(2d) 196.

We note here that counsel for the trustee in bankruptcy was present at the time the motion was made by appellants to vacate the order of the District Court of December 13, 1934.

Appellees E. L. Grose and Central Arizona Light & Power Company, and the trustee in bankruptcy, have filed motions to dismiss the appeal or affirm the order upon the ground that appellants have failed to comply with the provisions of Equity Rule 75, 28 U. S.C.A. following section 723 in preparing the statement of evidence.

■ Failure to properly prepare the statement of evidence does not require dismissal of the appeal. Appeals may be heard without a statement of the evidence (Harris v. Moreland Motor Truck Co. [C.C.A.] 279 F. 542); and the appellate court may permit a settlement of a statement of the evidence. Kelly v. U. S., 57 S.Ct. 335, 81 L.Ed. 507; Barber Asphalt Paving Co. v. Standard, etc., Co., 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318.

Appellee Central Arizona Light & Power Company has moved this court to dismiss the appeal or affirm the order upon the ground that there was a defect of parties upon the review of the referee's order by the District Court in that some of the parties affected by the referee's order (including Central Arizona Light & Power Company) were not served with notice of the filing of the petition for review or the certificate of review. It is alleged in the trustee's petition: "That the order of the referee being a final judgment in favor of numerous of these appellees the District Court had no jurisdiction to hear said petition to review, and, the District Court being without jurisdiction in the premises, this court is also without jurisdiction to review the order of the District Court."

■ The motion to dismiss upon the ground of defect of parties in the review of the referee's order must be denied. Even though it be assumed that parties necessary to the review of the referee's order by the District Court were not properly joined, that fact would not deprive this court of jurisdiction to review the order of the District Court.

■ The trustee in bankruptcy, in his motion to "dismiss or affirm," alleges that there is a defect of parties on this appeal. It is alleged that the citation issued by this court upon the allowance of the appeal was not served upon appellees J. Allen Wells and Glen E. Weaver and that the citation issued by the District Court was not served upon appellee J. Allen Wells.

There is no merit in this contention. Neither appellee J. Allen Wells nor Glen E. Weaver were necessary parties to this appeal. Their rights were not adverse to the rights of appellants. Their interest in the property arose from sales agreements entered into by them for the purchase of certain of the lots involved in these proceedings. These contracts are recognized by appellants and were made pursuant to authority given appellant Phœnix Title & Trust Company in the warranty deed to it from appellant Barringer. On the other hand, the contention of the trustee in bankruptcy is not based on any right of the bankrupt derived from appellants, but on the proposition that any interest appellants had in the property could not be set up against the creditors of the bankrupt because of a failure to record the "Declaration of Trust." The order of the referee merely recognized

the rights of the purchasers of the lots and provided that the sale of the property as prayed for by the trustee should be subject to these rights. See Kochtitzky v. Merc. Trust Co. (C.C.A.) 16 F.(2d) 227; Mathis v. Hemingway (C.C.A.) 24 F.(2d) 951; Osage Oil & Ref. Co. v. Mulber Oil Co. (C.C.A.) 38 F.(2d) 396.

Appellees Grose and Central Arizona Light & Power Company, and the trustee in bankruptcy, have moved this court to strike out the statement of evidence and have filed affidavits in support of the motions.

Appellees Grose and Central Arizona Light & Power Company allege that they received no notice of the hearing to settle the statement of evidence.

Appellee trustee in bankruptcy claims that the judge who approved the statement of evidence was without jurisdiction to do so because he was not the trial judge; that no notice was given appellee Lilley fixing a time for the hearing on the settlement of the proposed statement of evidence; and that no hearing was had therein. It is further alleged that the statement of the evidence was not properly prepared in that it does not contain a condensed statement of the evidence in narrative form; that it contains incorrect and irrelevant matters; and that many matters essential to a decision of the questions presented by the appeal are omitted from the statement.

Appellants gave notice to appellee Lilley of the hearing for the approval of the statement of evidence which was set for May 18, 1936. The date for the hearing was later continued to May 25, 1936. On that date a hearing for the approval of the appellants' proposed statement of evidence was had and at the same time a motion by the trustee for an order extending the time within which to file his objections and proposed amendments thereto was also heard. The appellee Lilley, the trustee, appeared at this hearing. The trustee's motion was granted and the time within which to file his objections and amendments to the proposed statement of evidence was extended to July 1, 1936. The order then recites that: "Counsel for respondents [appellants] may have to and including August 1, 1936, within which to settle and allow the statement of evidence. * * * If the statement of evidence has not been approved by August 1, 1936, an order extending the time for approving the statement of evidence, will be entered at that time."

On June 30, 1936 Lilley filed his objections and proposed amendments to appellants' proposed statement of evidence. On October 29, 1936 Judge Ling entered an order approving and certifying the statement of evidence. In the statement of evidence as approved by the District Judge there is included the certificate of the referee which contains a summary of the evidence heard before him (see Bankruptcy Order 27) and also a summary in narrative form of the transcript of the evidence heard before the referee and filed with the judge for his consideration on review of the referee's order. Some of the trustee's objections to the statement of evidence are adopted verbatim in the statement of evidence. As to other proposed amendments, rejected, the judge inserted testimony verbatim to cover the point. The trustee's objections to the statement of evidence and his proposed amendments are contained in the record.[1] In response to suggestion made from the bench during the argument on May 21, 1937, the appellants have filed consent that the appellee trustee's proposed amendments may be considered as a part of the statement of evidence in the cause in lieu of the corresponding portions as approved. The trustee has not accepted this concession.

At the outset it is clear that as far as appellee trustee in bankruptcy is concerned there is no such violation of Equity Rule 75 that would justify this court in affirming the District Court's order on that ground or striking the statement of evidence. Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co., 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318. As to the trustee's contention that the statement of evidence may only be approved by the judge who tried the

---

[1] These objections and proposed amendments were for the trial court and should not appear in the transcript of the record. The statement of evidence approved by the judge or court in equity cases is conclusive on appeal. Edwards v. Holland Banking Co. (C.C.A.) 75 F.(2d) 713. These objections and proposed amendments were placed in the record at the instance of the trustee in bankruptcy because of his contention that the statement of the evidence was signed by a judge other than the trial judge without notice to him and without opportunity for him to present his objections.

case it is sufficient answer to state that Equity Rule 75 does not so provide.[2]

The motions to dismiss the appeal are denied.

■ The motions to strike out the statement of the evidence are denied. It is apparent from the record that the judge of the District Court and the appellants assumed that the settlement of the statement of the evidence upon the proposed statement and proposed amendments was submitted to the judge for action at the time a motion of the appellants to require clarification of the trustee's objections and proposed amendments to the statement was made and submitted. On the other hand, it is equally clear that the trustee did not so regard it and assumed that notice would be given him of the time and place the judge would settle the statement. After the statement was settled a motion was made by the trustee to vacate the order settling the bill upon the ground that he had not been given notice of the time and place of settlement. This motion was denied no doubt upon the ground that the matter had been submitted to the court for decision and that the settlement was an announcement by the judge of his ruling with relation to the settlement of the statement. Under rule 38 of the District Court, and under Equity Rule 75 of the Supreme Court as well, the appellees were entitled to the notice of the time and place of the settlement of the proposed bill and the amendments thereto. In view of this situation we will return the statement of the evidence to the District Court, Judge Ling presiding, for settlement after notice to the appellees. If upon such hearing the court is satisfied with the statement of the evidence as previously settled, the court shall so certify. The record in this court shall include such certificate and the transcript need not be again printed. If, however, upon such hearing the court amends or changes the statement of the evidence, the new statement shall be printed in full in a supplementary transcript of the record.

The motions to affirm will be considered when the case is resubmitted on the merits. The submission of the case on the merits is set aside. After the filing of the statement of the evidence, counsel will have the usual time fixed by rule for filing briefs dur-

ing which period they may, if desired, file supplementary briefs. Upon the filing of the final briefs the case shall stand submitted unless counsel stipulate for further argument or the case is restored to the calendar by the court upon application of either party therefor.

---

[2] Equity Rule 75(b), 28 U.S.C.A. following section 723, provides: "He [appellant] shall also notify the other parties or their solicitors of such lodgment [lodgment of statement of evidence] and shall name a time and place when he will ask the court or judge to approve the statement."