**REBER et al. v. HOME OWNERS' LOAN CORPORATION.**

No. 11001.

Circuit Court of Appeals, Eighth Circuit. March 19, 1938.

As Modified on Denial of Rehearing April 12, 1938.

Harry A. Hall, of Kansas City, Mo., for appellants.

Ira B. Burns, of Kansas City, Mo., and Redick O'Bryan, of St. Louis, Mo., for appellee.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse an order refusing to reinstate and continue proceedings under section 75 (s) of the Bankruptcy Act, 11 U.S.C.A. § 203(s), as amended.

It appears that appellants were the owners as tenants in common of a small farm in Clay county, Mo., upon the security of which they obtained a loan from the Home Owners' Loan Corporation, a corporation under the Act of June 13, 1933. In April, 1936, they filed their several petitions under section 75 of the Bankruptcy Act, 11 U.S. C.A. § 203, as amended, and the same were consolidated. Reference was made to the Conciliation Commissioner who reported on September 14th, 1936, that no conciliation was possible. He was discharged September 15, 1936. On September 30, 1936, appellants presented to the District Court their amended petition under section 75 (s) of the Bankruptcy Act praying to be adjudged bankrupt and that other proceedings be had under said section, and the court having considered the same ordered that it "be not filed." It was recited in the order denying permission to file the amended petition that the court believed the amended petition would be of no avail in view of the holding of this court that section 75 (s) of the Bankruptcy Act was unconstitutional. U. S. National Bank v. Pamp, 8 Cir., 83 F.2d 493. Thereafter on October 13, 1936, the debtors' petitions in the case were dismissed, the ground of dismissal specified in the formal order being that more than ten days had elapsed since the report of the Conciliation Commissioner and no amended petition had been filed as provided for under section 75 (s) of the Bankruptcy Act, and that a reasonable time had elapsed within which the

debtors should have filed amended petitions if they desired to do so.

After the petitions had been finally dismissed, the Home Owners' Loan Corporation began foreclosure upon its deed of trust in the state court, and having obtained a decree became the purchaser of the property at the judicial sale thereof on December 11, 1936. The appellants having declined to yield possession, the Home Owners' Loan Corporation sued for and obtained a writ of possession against them.

Thereafter on April 7, 1937, appellants filed their application praying the court to set aside the foreclosure sale, to restrain enforcement of the writ of possession, to grant permission to file amended petitions under section 75 (s) of the Bankruptcy Act, and to proceed under said section. Upon full consideration the trial court handed down a written opinion which, after recitation of the facts, reads as follows:

"Section 75 (s) has now been held constitutional by the Supreme Court. Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455. It has been argued properly that the law was effective throughout the proceedings and that the court was in error in denying the application to file amended petitions under said law.

"It is contended by the applicants that the causes being in equity, it is within the power and becomes the duty of a court of equity to correct the errors of this character and to restore to the parties all the rights they might have enjoyed at the time the filing of the petition was refused.

"1. If the rights of the plaintiffs had remained unimpaired and unchanged there could be no question but that a court of chancery could take hold of all the matters involved and enter a decree conformable to equity and justice. However, in this case, the mortgagee in pursuance of a right vouchsafed to it in its contractual arrangements with the mortgagors proceeded to a foreclosure of the equity belonging to the applicants. All of the proceedings in bankruptcy had been dismissed. Even if the court had erroneously dismissed the proceedings, nevertheless, the mortgagee acted within its rights in foreclosing its mortgage. By its rightful course the title to the property was completely divested out of the applicants.

"The mortgagee, therefore, now holds title and a possessory right to the property under the laws of the state untainted with fraud or irregularity of procedure. It is in the precise situation of the mortgagee in Compton v. Birnie Trust Company, 4 Cir., 76 F.2d 639. The only difference in the two cases is that in that case the mortgagor did not endeavor to obtain the benefits of said section 75 (s) until after the foreclosure.

"In the case at bar the applicants did make such an effort but were denied the right in limine. They were repelled from their rights upon the theory that the statute under which they sought to proceed was unconstitutional. It proved otherwise. It was a mistake of law in court and bears no kinship to that class of cases where the parties acted together agreeably upon a misapprehension of a fact or of the law. These parties were doing business at arm's length. The mortgagee was under a restraint as against foreclosure, but immediately exercised its right to foreclose when such restraints were dissolved and lifted.

"2. In endeavoring to correct a mistake on behalf of the applicants the court cannot in a proceeding equitable in its nature interfere with the rights of other parties who are free from and innocent of wrongdoing.

"The mortgagee acted within its rights. It has done nothing that it did not have a right to do. Its proceeding to foreclose the equity of the applicants was regular in every way as far as this record shows. Its hands are clean. Therefore, it would be inequitable to interfere with its rights merely because of an error in a procedural matter appertaining to the applicants.

"3. When the applicants were denied the right to file their petition for benefits under said section 75 (s), they had a remedy by appeal.

"By section 225, title 28, U.S.C., 28 U.S.C.A. § 225, and particularly by subsection (c) thereof, the Circuit Court of Appeals is given appellate and supervisory jurisdiction in bankruptcy proceedings.

"Section 47 (b), title 11, U.S.C., 11 U.S.C.A. § 47 (b) specifically says that the several circuit courts of appeal 'shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law * * * the proceedings of the several inferior courts of bankruptcy within their jurisdiction.'

"This was purely a matter of law, and therefore within the revisory powers of the appellate court. By that section, subdivision

(c), it is provided that the appeal 'shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered.'

"By failure to take that appeal the applicants accepted the ruling and it became final in so far as the rights of third parties are concerned. If any title or right remained to the applicants, then the court could entertain the application to reinstate and grant such relief as the law warranted in view of the Supreme Court's ruling. The applicants have no such rights now as could be asserted and maintained in this proceeding.

"Accordingly, the motion to reinstate must be denied. It is so ordered."

Error is assigned to the trial court's conclusion that the state court foreclosure divested the appellants of their property and it is contended that Wayne United Gas Co. v. Owens-Ill. Glass Co., 300 U.S. 131, 57 S. Ct. 382, 384, 81 L.Ed. 557, required a contrary ruling on the application to reinstate the bankruptcy proceedings. Although the contention for the appellants has been ably presented, we think the case relied on should be distinguished from the case at bar. As pointed out in the opinion of the trial court, the mortgagee in this case began its foreclosure suit at a time when all bankruptcy proceedings had been dismissed. None was pending in any form from the time the mortgagee began its foreclosure up to the time the final writ for possession was issued. When that writ issued the appellants were simply holding on to the property without any claim of right and in violation of the order of the court of competent jurisdiction directed against them.

In the case before the Supreme Court, on the other hand, it appears clearly from the court's opinion that the bankruptcy proceedings had been kept constantly alive in the federal courts. When the petition for reorganization in that case was dismissed on March 2d, 1936, the petitioner presented its application for appeal on March 20th, 1936, within the statutory time for appeal. Within two days after the appeal was denied the petitioner served notice of its petition to vacate the dismissal order of March 2d, and when the trial court did vacate that order the court expressly found that no rights had vested under the order of March 2d which would be disturbed by setting the order aside. After the order of March 2d had been vacated the bankruptcy proceedings continued to pend until the determina-

tion was made upon its writ of certiorari by the Supreme Court. The court said:

"It appears not only that the respondents were parties to the 77 B proceeding but that, prior to the consummation of the sale, the state court was fully advised of the steps taken in the federal courts and of the pendency of the petition for certiorari in this court to review the order of the Circuit Court of Appeals dismissing the appeal.

"The respondents went forward with the proceedings in the state court, looking to a sale of the debtor's property, with full knowledge that a rehearing might be granted and that the order entered thereon might be appealed. They are not entitled, therefore, to rely on any status acquired in the state court suit as precluding further consideration of the petition for reorganization. The motion must accordingly be overruled."

■ We think the trial court rightly concluded in this case that the state courts acted within their jurisdiction in foreclosing the mortgage against these appellants, in completely divesting them of all their claims in or to the mortgaged property, and in ordering that they be ousted therefrom. They exercised their rightful jurisdiction without any notice of pendency of proceedings in the bankruptcy court or of conflict with the bankruptcy jurisdiction. The trial court rightly refrained from disturbing rights vested in the appellee by court proceedings in state courts of competent jurisdiction. Du Bose v. First Carolinas, etc. Bank, 4 Cir., 83 F.2d 97; Compton v. Birnie Trust Co., 4 Cir., 76 F.2d 639; In re Lowmon, 7 Cir., 79 F.2d 887.

Affirmed.

## On Petition for Rehearing and to Modify Original Opinion.

■ The appellants have moved the court to modify the opinion heretofore rendered and to remand the cause to the District Court, with directions to reinstate the bankruptcy proceedings and proceed further in accordance with the provisions of the Bankruptcy Act, exclusive of the farm in question. On consideration of the motion we have made search of the record and find nothing to show that the District Court considered or intended to pass upon the question whether the appellants were entitled to proceed under the provisions of section 75, Bankruptcy Act, 11 U.S.C.A. § 203, as amended, to obtain their discharge in bankruptcy and other rights in bankruptcy (exclusive of the farm in question). Our opin-

ion is, therefore, modified by adding the following at the foot thereof:

It not appearing that the District Court considered or passed upon the claim of appellants that they were entitled to proceed under the provisions of the Bankruptcy Act to obtain their discharge in bankruptcy and other rights in bankruptcy (exclusive of the farm in question), the cause is remanded, with directions to the District Court to hear and pass upon such claims consistently with the opinion herein.

Affirmed as to the farm in question, but remanded in part as directed. Without costs to either party.

In other respects the petition for rehearing and to modify is denied.