**STENSRUD v. FEDERAL LAND BANK OF ST. PAUL.**

No. 11753.

Circuit Court of Appeals, Eighth Circuit.

Oct. 15, 1940.

L. P. Johnson, of Mankato, Minn., for appellant.

John F. Lord, of St. Paul, Minn. (John Thorpe, Michael A. Schmitt and Robert J. Barry, all of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

On February 16, 1939, the district court, pursuant to a stipulation between appellant and appellee, entered its order dismissing proceedings theretofore instituted by appellant under the Frazier-Lemke Act,

11 U.S.C.A. § 203, sub. s. On January 24, 1940, as a result of the decision of the Supreme Court in John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, decided December 4, 1939, the appellant filed a petition requesting that the court vacate its order of February 16, 1939, and permit appellant to proceed in bankruptcy. The cause was heard upon the pleadings and affidavits filed by the parties together with the record made in the bankruptcy proceedings. This appeal is from an order of the district court entered on February 20, 1940, denying the prayer of appellant's petition.

It is the contention of appellant that the district court, in the exercise of a sound legal discretion, ought to have granted the farmer-debtor's petition for permission to rescind the stipulation of dismissal and for an order vacating the order of dismissal of February 16, 1939. In other words, the contention is that the denial of the petition was an abuse of discretion.

As grounds for his contention the appellant alleges that he was induced to enter into the stipulation (1) by false and erroneous representations and (2) by duress.

To appreciate appellant's position it should be observed that the case of John Hancock Mutual Life Ins. Co. v. Bartels, supra, had not been decided by the Supreme Court at the time the stipulation and order of dismissal were made on February 16, 1939. At that time the district courts of the Eighth Circuit followed the decsions of this court in the cases of Cowherd v. Phœnix Joint Stock Land Bank, 8 Cir., 99 F.2d 225, and Bender v. Federal Farm Mortgage Corporation, 8 Cir., 99 F.2d 252, both of which were decided October 26, 1938. In these cases this court, undertaking to follow the footnote to the opinion of the Supreme Court in the case of Wright v. Vinton Branch, 300 U.S. 440, at page 462, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455, held that whenever it appears that no reasonable hope for the financial rehabilitation of the debtor exists and that the liquidation of his property is inevitable the court should dismiss his petition.

At the meeting of appellant's creditors on December 15, 1938, the appellant was examined and the Commissioner at the conclusion of the hearing found that there was no possible chance to rehabilitate the debtor and recommended that the proceedings under section 75, sub. s, be dismissed. The Commissioner advised the bankrupt and his attorney that he would "better make an agreement with the Federal Land Bank to lease the farm for the year 1939 and dismiss his petition because the law was well settled * * *; that in order to be entitled to extension of time within which to pay * * * he must show that there was a reasonable probability of the farmer-debtor's financial rehabilitation within the next three years."

On January 13, 1939, the secretary of the Local Farm Loan Association wrote to the attorney for the appellee that the Commissioner said that he would recommend that the case be dismissed and the bank given immediate possession, but that he asked that the bankrupt be allowed to rent the farm for the coming year.

On January 17, 1939, the attorney for appellee in answer to this letter wrote saying that the bank would lease the farm to the bankrupt upon confirmation of a dismissal.

The court found "that counsel, the debtor and the Conciliation Commissioner all acted in good faith in the light of the law as it was then understood. It does not appear that there was anything in the way of compulsion exercised on Stensrud, who had the benefit of counsel * * * that full opportunity existed for him to have appealed from any order which he regarded as inimical to his interests."

The court based his decision upon the further facts that upon the entry of the order of dismissal of February 16, 1939, the period of redemption expired upon the sheriff's certificate of sale in a foreclosure suit begun prior to the filing of the petition in bankruptcy. That certificate was dated September 21, 1936, and was issued to the Federal Farm Mortgage Corporation, holder of a second mortgage on the farm. The interest of this corporation was conveyed to appellee by quit claim deed dated September 22, 1937. The appellee thereafter on June 28, 1939, about seven months before the initiation of the present proceeding, entered into a contract of sale of the premises to one Stone G. Johnson, deed to be given on February 20, 1940. The rights of Johnson in the farm intervened between the dismissal of the bankruptcy proceeding and the petition of the bankrupt to vacate the order of dismissal. The court found that John-

son's rights had vested and that the petition was not seasonable. He relied upon the case of Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. His order is also supported by the decision of the Supreme Court in Union Joint Stock Land Bank of Detroit v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041.

We find no error in the record. The court did not abuse his discretion in denying the petition to vacate the order of dismissal. The facts do not support the contention that appellant was induced by fraudulent misrepresentations to enter into the stipulation of dismissal of February 16, 1939. He was represented by counsel throughout the proceeding. His own counsel advised him to dismiss. There is no ground for the claim that he was influenced by a misrepresentation of law. Upton v. Tribilcock, 91 U.S. 45, 23 L.Ed. 203.

The order appealed from is affirmed.