### CLINTON v. SHOOP et ux.
#### No. 11748.

Circuit Court of Appeals, Eighth Circuit.
April 17, 1941.

Louis H. Breuer, of Rolla, Mo., Hezekiah Sanders, of St. Louis, Mo., John W. Smith, of Potosi, Mo., and Alva W. Hurt, of St. Louis, Mo., for appellant.

Joseph T. Tate, of Owensville, Mo. (James Booth and James L. Anding, both of Pacific, Mo., on the brief), for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellees are husband and wife. They are engaged in owning and operating a farm in Crawford County, Missouri, containing 109 acres. While they had pending in the district court a proceeding under § 75 of the Bankruptcy Act, Frazier-Lemke Act, 11 U.S.C.A. § 203, the appellant obtained a judgment against them in the Circuit Court of Franklin County, Missouri, in a suit instituted by the appellant for the purpose of quieting title and in ejectment. The suit involved the farm in Crawford County, which had been set aside by the bankruptcy court as the homestead of appellees.

On December 14, 1939, appellees filed an application in the bankruptcy proceeding to set aside the judgment and to enjoin appellant from taking further action therein. On February 5, 1940, the parties were heard and an order was entered declaring the judgment entered in the state court

void and enjoining appellant from enforcing or attempting to enforce it. From the order so entered Clinton appeals to this court.

No resistance or answer to the application was filed in the district court prior to the hearing, and no exceptions or objections were taken to the findings and order of the court subsequent thereto.

In this court appellant contends (1) that the application of appellees to set aside the judgment of the state court is insufficient to entitle them to the relief granted; (2) that the application shows on its face that foreclosure had taken place prior to the filing and approval of their petition in bankruptcy; (3) that appellees are estopped to deny the jurisdiction of the Circuit Court of Missouri because they submitted to the jurisdiction of that court and did not apply for stay; (4) that the real estate involved and the matters in controversy were outside of the bankruptcy court, and that the bankruptcy court had no jurisdiction over the real estate; (5) that there was nothing pending in the federal court relative to the real estate, and that the appraisal shows that the bankrupts had no equity in it; (6) that the Bankruptcy Act was erroneously applied; and (7) that appellees have been guilty of laches and delays and are not by reason thereof entitled to the relief granted.

The first two contentions urged upon our attention are sufficiently answered by examining the application to set aside the judgment. The application informs the court that on September 14, 1939, appellant filed a suit against the bankrupts in the Circuit Court of Crawford County, Missouri, which, upon change of venue, was transferred to the Circuit Court of Franklin County, Missouri. The nature of the suit was to determine title and in ejectment. The land involved is situated in Crawford County and constitutes the homestead of the appellees. It is alleged that a judgment was rendered in the state court against appellees on December 6, 1939, over their objections. Copies of the pleadings in the suit in the state court are attached as exhibits.

The application alleges that long prior to the filing of the suit in the state court the petitioners were adjudged bankrupts under § 75 of the Bankrupt Laws of the United States and amendments thereto, and that ever since said adjudication they have subjected themselves and their property, including the lands here involved, to the sole jurisdiction of the district court, and that they have not been discharged.

It is also alleged that on March 27, 1939, appellant made application to the United States District Court for authority to institute suit in the Circuit Court of Crawford County, Missouri, against the appellees to determine title and for ejectment involving the same lands which are involved in the judgment sought to be set aside, and that permission was denied by the court, and that thereafter, without permission of the United States District Court under whose jurisdiction appellees and their property were and still are, appellant instituted the case in the state court in violation of the laws of the United States and in contempt of the district court.

It is further alleged that prior to the institution of the suit in the state court against appellees the property involved was appraised and set off and allowed to the petitioners as their homestead in a proper proceeding in the district court on October 1, 1938, and that the appellees and their family have ever since that time and now are occupying the premises as their homestead.

Another allegation is that appellant in the suit in the Circuit Court of Franklin County, Missouri, claimed title to the homestead property of appellees by virtue of a purported deed from the Crawford County Farmers Bank of Steelville, Missouri, which deed was, prior to the institution of the suit in the state court, held null and void in a proceeding before the Conciliation Commissioner of Crawford County, Missouri, on April 13, 1938. The finding of the Conciliation Commissioner was approved by the District Court on July 5, 1938, and no appeal was taken therefrom.

The appellees further state that they have taken all steps required of them under § 75 of the Bankruptcy Laws and the amendments thereto; that the Circuit Court of Franklin County, Missouri, was without authority and jurisdiction on December 6, 1939, to render the judgment complained of, wherein the state court attempts to hold void the judgment and findings of the United States District Court in relation to the homestead property of appellees.

The exhibits show that in the proceeding in the state court the appellees interposed as a defense to appellant's suit the fact that the bankruptcy proceeding was pend-

ing in the federal court, giving the number of the case and stating that appellees and their property, including the land in question, were subject solely to the jurisdiction of that court. Exhibit C attached to the application also shows that the land in question had been appraised and set off to the appellees as their homestead.

Appellant insists in his first, fourth and sixth propositions that the court was without jurisdiction over the property involved because it had been set aside as exempt. Subsection n of the Act provides that the farmer and all his property, wherever located, are subject to the exclusive jurisdiction of the bankruptcy court. Appellant's predecessor in title filed claims in the bankruptcy proceeding based upon the same securities under which appellant now claims. The claims were denied as secured claims and allowed as general unsecured claims. The alleged securities were held void. No appeal was taken. The appellant is bound by that order. The court of bankruptcy is a court of equity and as such it has inherent power to protect its own decrees by injunction or otherwise. Riverdale Cotton Mills v. Alabama & Georgia Manufacturing Company, 198 U. S. 188, 195, 196, 197, 25 S.Ct. 629, 633, 49 L.Ed. 1008; Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U.S. 648, 675, 55 S. Ct. 595, 79 L.Ed. 1110. Further, the purpose of the Act would be defeated if after alleged liens have been declared void in the bankruptcy proceeding, they may be foreclosed in the state court against property set aside as exempt.

A reading of the application shows that the second contention is without merit. Nothing appears on its face showing that foreclosure had taken place before appellees' petition in bankruptcy was filed.

The third contention of appellant is that by filing answer to the suit in the state court appellees submitted to the jurisdiction of that court, and that their failure to apply to the United States District Court for a stay of the suit in the state court precludes them by estoppel to deny the jurisdiction of the state court. The argument is specious and without merit. The state court and the appellant were acting in violation of the Act of Congress, and the failure of appellees to stay them by means of an order of the federal court does not operate as an estoppel against them. Neither does their attempt to stay the procedure by filing an answer in the state court and calling the attention of that court to the bankruptcy proceeding operate as an estoppel. To give the state court jurisdiction the burden was upon the appellant under subsection o of the Act to obtain permission of the court of bankruptcy to institute and maintain the suit. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370.

A further contention of the appellant is that the appellees had no equity, present or potential, in the real estate, and that they could not therefore claim the benefit of the Act. The ground of this contention is that the real estate was appraised for $1,000 only, while there was an indebtedness allegedly secured by two deeds of trust thereon amounting to $1,511.61. There are two errors in this argument. In the first place the two deeds of trust claimed to be a lien upon the property when filed as claims were allowed only as general claims in the bankruptcy proceeding, and it was held that the owners of the trust deeds had no lien upon the property. No appeal having been taken from that decision it is binding upon the parties. The reasoning is erroneous in the second place because it does not take account of the decision of the Supreme Court of the United States in John Hancock Mutual Life Insurance Company v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L. Ed. 176, nor of the decisions of this court in Stensrud v. Federal Land Bank of St. Paul, 8 Cir., 114 F.2d 1002, and Peterson v. John Hancock Mutual Life Insurance Company, 8 Cir., 116 F.2d 148. § 75 of the Bankruptcy Act, it was held in the Bartels case, supra, is intended to afford relief for a farmer whose debts exceed the value of his assets and whose farm is encumbered with liens greater than its value. This was the very purpose of the Act.

Finally, the appellant urges that the appellees have been guilty of laches and delays in the bankruptcy proceeding and that by reason thereof they are not entitled to the relief granted by the order. Appellant thus attempts to seek a review of the bankruptcy proceedings from their original inception. Upon the record presented upon this appeal such a review cannot be obtained. The record discloses that the judgment declared void was entered and rendered on the 6th day of December, 1939, and that upon the 14th day of the same month appellees filed their application to

set it aside. It cannot be said that their application was delayed beyond a reasonable time, nor that they were guilty of laches.

Having reviewed all of the contentions of the appellant and having found no error, the order appealed from is affirmed.