**WHARTON et al. v. FARMERS & MER-
CHANTS BANK OF GREEN RIDGE,
MO., et al.**

**No. 11814.**

Circuit Court of Appeals, Eighth Circuit.

May 5, 1941.

S. W. James, Jr., of Jefferson City, Mo.,
for appellants.

D. C. Chastain, of Butler, Mo., and W.
W. Blain, of Sedalia, Mo., (A. Z. Patter-
son and Gardner Smith, both of Kansas
City, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The question for determination in this case is whether the appellants are entitled to have administered, under § 75, sub. s of the Bankruptcy Act [11 U.S.C.A. § 203, sub. s], farm lands, formerly owned by them, as to which their bankruptcy proceedings were dismissed on November 23, 1938.[1]

The facts are not in dispute. The appellants are farmer-debtors who owned 450 acres of farm lands in Pettis County, Missouri. On September 23, 1937 they filed a petition for a composition or extension of their debts under § 75, subs. a to r of the Bankruptcy Act [11 U.S.C.A. § 203, subs. a to r]. Their petition was approved, but they failed to effect a composition, and on December 20, 1937, on an amended petition filed that day, they were adjudged bankrupts under § 75, sub. s. On June 23, 1938, the appellee Union Central Life Insurance Company, a secured creditor of the debtors, which had a first lien upon a 210-acre tract of their farm lands, under a deed of trust which contained a power of sale in case of default, and also had a first lien upon another tract of 120 acres of their farm lands, under a similar deed of trust, filed a motion to dismiss the bankruptcy proceedings as to these tracts, on the ground that there was no reasonable hope of the financial rehabilitation of the debtors and that their proceedings were not instituted in good faith. On July 1, 1938, the appellee Farmers and Merchants Bank of Green Ridge, Missouri, also a secured creditor of the debtors, which had a first lien upon a 60-acre tract of their farm lands under a deed of trust containing a power of sale in case of default, and a second lien, under a similar deed of trust, upon so much of the farm lands as were subject to the deeds of trust held by the Union Central Life Insurance Company, filed a similar motion to dismiss the bankruptcy proceedings as to the tracts upon which the Bank had liens. After a hearing, and on November 23, 1938, the court below entered orders dismissing the bankruptcy proceedings as to the lands of the debtors which were subject to the deeds of trust held by the Insurance Company and by the Bank, on the ground that the debtors were "beyond all reasonable hope of financial rehabilitation" and that the proceedings would have no effect "beyond postponing inevitable liquidation." The court, in making its orders, relied upon the decisions of this Court in Cowherd v. Phœnix Joint Stock Land Bank, 8 Cir., 99 F.2d 225, and Bender v. Federal Farm Mortgage Corp., 8 Cir., 99 F.2d 252. Those decisions were based upon the case of Wright v. Vinton Branch, 300 U.S. 440, on page 462, 57 S.Ct. 556, on page 562, 81 L.Ed. 736, 112 A.L.R. 1455, in which, in a footnote the Supreme Court had said: "The offer of composition must be in good faith * * *, and if the debtor is beyond all reasonable hope of financial rehabilitation, and the proceedings under section 75 cannot be expected to have any effect beyond postponing inevitable liquidation, the proceedings will be halted at the outset."

The purpose of the orders of dismissal entered by the court below was to enable the holders of the deeds of trust above referred to, which were in default, to foreclose. The debtors opposed the entry of the orders, but took no appeal. The holders of the deeds of trust, in reliance upon the orders of November 23, 1938, foreclosed their deeds of trust through trustees' sales, in accordance with the laws of Missouri. (§ 3063, R.S.Mo., 1929, [Mo.St.Ann. § 3063, p. 1892].) The powers of sale in the deeds of trust held by the Union Central Life Insurance Company were exercised on December 31, 1938, and at the sale the Company became the purchaser of the 210-acre tract and the 120-acre tract covered by its deeds of trust. The power of sale in the deed of trust held by the Farmers and Merchants Bank was exercised on January 27, 1939, and at the sale it bought the 60-acre tract covered by the deed of trust held by it. The Insurance Company shortly thereafter sold the 210-acre tract bid in by it to a stranger to the bankruptcy proceedings. It has not sold the 120-acre tract. The Bank still retains the 60-acre tract bid in by it at foreclosure sale.

The Supreme Court of the United States, on December 4, 1939, decided the case of John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176. Its decision had the effect of overruling the decisions of this Court upon which the court below had relied in dismissing the debtors' lands from the bank-

---

[1] An opinion in this case was filed February 4, 1941. Subsequently a petition for rehearing was granted and the case was resubmitted.

ruptcy proceedings. The Supreme Court ruled that lack of a reasonable probability of financial rehabilitation of a farmer-debtor would not justify a dismissal of proceedings under § 75. Thereafter, on March 4, 1940, the debtors here, with leave of court, moved that the orders of dismissal entered November 23, 1938, be vacated. The court on May 4, 1940, denied their motion upon the ground that it came too late. It is from the order denying their motion that they have appealed.

The holders of the deeds of trust concededly perfected their foreclosures long prior to March 4, 1940, and the 210-acre tract acquired by the Insurance Company under foreclosure had been resold to a stranger to the bankruptcy proceedings, for value. Obviously with respect to that tract, there could be no effective reinstatement of the bankruptcy proceedings. Stensrud v. Federal Land Bank, 8 Cir., 114 F.2d 1002. The debatable question in this case is whether the debtors were entitled to a reinstatement of the bankruptcy proceedings with respect to the portions of the farm lands still in the hands of the Insurance Company and the Bank.

The orders of dismissal of November 23, 1938, were erroneous, but not void. Stensrud v. Federal Land Bank, 8 Cir., 114 F.2d 1002; Peterson v. John Hancock Mutual Life Ins. Co., 8 Cir., 116 F.2d 148; Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 5–8, 60 S.Ct. 773, 84 L.Ed. 1041; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376–377, 60 S.Ct. 317, 84 L.Ed. 329; McWilliams v. Blackard, 8 Cir., 96 F.2d 43, 45, 46. If they were irrevocable, it was not because of the expiration of the time to appeal, Sandusky v. First National Bank, 90 U.S. 289, 292–293, 23 Wall. 289, 23 L.Ed. 155; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 135–138, 57 S.Ct. 382, 81 L.Ed. 557; In re Windson Square Development, Inc., 9 Cir., 91 F.2d 493, 496; Webster v. Barnes Banking Co., 10 Cir., 113 F.2d 1003, 1005, but because of the changed circumstances. Stensrud v. Federal Land Bank, 8 Cir., 114 F.2d 1002, 1003, 1004; Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 8–11, 60 S.Ct. 773, 84 L.Ed. 1041; Reber v. Home Owners' Loan Corp., 8 Cir., 96 F.2d 77, 78, 79. When the orders of dismissal were entered, the court below had complete jurisdiction of the parties and of the subject matter. The orders stood unchallenged from November 23, 1938, to March 4, 1940. During that period, in reliance upon them, the deeds of trust were foreclosed. The debtors did not save any equity of redemption. See § 3064, R.S.Mo.1929, Mo.St.Ann. § 3064, p. 1894, and State v. Bird, 232 Mo.App. 652, 110 S.W.2d 386, 387. The holders of the deeds of trust acquired title to the lands. The powers of sale contained in the deeds were exhausted. Schanawerk v. Hobrecht, 117 Mo. 22, 30, 22 S.W. 949, 951, 38 Am. St.Rep. 631; McClung v. Missouri Trust Co., 137 Mo. 106, 117, 38 S.W. 578, 581; and the debtors, under the laws of Missouri, were completely divested of all right, title and interest in the lands.

The rule is that an erroneous order made during the progress of a bankruptcy proceeding, although not appealed from, may subsequently be set aside and vacated unless rights have become vested in reliance upon it which will be disturbed by its vacation. Sandusky v. First National Bank, 90 U.S. 289, 292–293, 23 Wall. 289, 23 L.Ed. 155; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 136, 137, 57 S.Ct. 382, 81 L.Ed. 557; Reber v. Home Owners' Loan Corp., 8 Cir., 96 F.2d 77, 78, 79. The rights of the holders of the trust deeds under their foreclosures became vested long prior to March 4, 1940, when the debtors applied for the vacation of the orders. The court of bankruptcy could not on March 4, 1940, re-establish the status which existed at the time the orders of dismissal were made, nor restore the powers of sale which were exhausted by the foreclosures.

This case, we think, clearly is ruled by Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041. It is true that in that case the bankruptcy proceedings had been completely dismissed at the time the foreclosure was completed, and that the foreclosure was by action and not under a power of sale granted to a trustee. The controlling factor in that case, however, was the right of those foreclosing the mortgage there involved to rely upon the order of the bankruptcy court granting permission to complete the foreclosure which had been commenced in state court prior to the initiation of proceedings under § 75 of the Bankruptcy Act. The Court said (page 10 of 310 U.S., page 777 of 60 S.Ct., 84 L.Ed. 1041): "Since the foreclosure proceedings had been com-

490

pleted and title had passed thereunder prior to the filing of the debtor's petition for reinstatement, it would have been a vain thing to refer the cause to a conciliation commissioner for administration of property which no longer belonged to the debtor." So, in this case, since the bankruptcy proceedings were completely dismissed with respect to the lands in suit, and those lands were foreclosed upon in justifiable reliance upon orders unappealed from, and since title had passed, by foreclosure, before the debtors moved for the vacation of the orders of dismissal, it would have been futile to grant their motion, the lands no longer being subject to administration as their property. In Missouri, foreclosure under the power of sale contained in a deed of trust is as effectual to pass title as is foreclosure by action. Peterson v. Kansas City Life Ins. Co., 339 Mo. 700, 98 S.W.2d 770, 775, 108 A.L.R. 583; Plum v. Studebaker Bros. Mfg. Co., 89 Mo. 162, 1 S.W. 217, 219. Compare Easton. v. German-American Bank, 127 U.S. 532, 538, 8 S.Ct. 1297, 32 L.Ed. 210.

The order appealed from is affirmed.