**In re SNYDER.**

**No. 3423.**

District Court, N. D. West Virginia.

May 2, 1940.

904

S. Woods Byrer, of Martinsburg, W. Va., for John S. Snyder.

James M. Mason, 3rd, of Charlestown, W. Va., for W. Lee Banks.

BAKER, District Judge.

Insofar as the instant proceeding is concerned, it is only necessary to relate that John S. Snyder, upon March 25, 1938, filed his petition praying for a composition or extension under Section 75 of the Acts of Congress relating to Bankruptcy (11 U.S.C.A. § 203); that this petition was dismissed by the Court on the 22d day of August, 1939, for reasons set forth upon the face of the Dismissal Order, and that, after appeal to the Circuit Court of Appeals for the Fourth Judicial Circuit,[1] the Dismissal Order was reversed and this case was remanded for further proceedings on the authority of the decision of the Supreme Court of the United States in the case of John Hancock Mutual Life Insurance Company, Petitioner, v. Benno Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. ——.

Two days after the entry of the Dismissal Order dated August 22, 1939, W. Lee Banks, the respondent in the instant proceeding, instituted certain detinue actions before a Justice of the Peace of Jefferson County, West Virginia, for the recovery of the farm equipment here considered. These actions were returnable to the 29th day of August, 1939, and from the recitals set forth in the petition of Snyder, and in the Answer of Banks, it becomes clear that judgment was thereupon rendered in favor of Banks and that he became possessed of the farm equipment from and after the last mentioned date.

The application of Snyder for an appeal to the Circuit Court of Appeals was filed in this Court upon the 20th day of September, 1939. At the instance of the farmer Debtor, Snyder, an Order was entered herein upon the 26th day of September, 1939, enjoining actions in this or any State Court pending final determination of the question presented by the aforementioned appeal.

It now becomes obvious that the acts here complained of, namely, the recovery of certain personal property in the State Court, all occurred after the entry of the Dismissal Order, prior to the time application was filed requesting an appeal and prior to the time of the entry of the Order granting an injunction protecting the farmer Debtor against legal proceedings pending the final outcome of the questions presented by the appeal.

As a consequence, the question to be here determined is whether a judgment of the State Court, rendered at a time subsequent to the dismissal of the Federal Court proceeding and during the interval between the date of said dismissal and the date application was made for an appeal, can be later set aside by the Federal Court following reversal of the Dismissal Order and the remanding of the cause for further proceedings.

During the pendency of this matter, under Section 75 of the Bankruptcy Act, Banks could not enforce his right to repossess the farm machinery here considered except upon petition made to and granted by this Court. (See sub. *O*, Subsection 6, of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. *o* (6). This limitation is for the period "prior to the confirmation or other disposition of the composition or extension proposal by the Court" by the express terms of sub. *O*, of Section 75, supra. Section 25 of the Bankruptcy Act, 11 U.S.C.A. § 48, allows the farmer Debtor forty days within which to effect his appeal.

Bankruptcy General Order No. 36, 11 U.S.C.A. following section 53, provides: "Appeal shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in Civil actions in the courts of the United States, including the Rules of Civil Procedure for the District Courts of the United States."

---

[1] No opinion filed.

Rule 54 of "Federal Rules of Civil Procedure", 28 U.S.C.A. following section 723c, says: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. * * *"

Rule 62(a) of the Rules of Civil Procedure, provides in part: "Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."

Rule 62(c) of the Rules of Civil Procedure provides: "When appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. * * *"

Between the parties to this controversy, Snyder and Banks, the Dismissal Order of August 22, 1939, in effect dissolved the injunction which prohibited Banks from exercising his rights under his Conditional Sales Agreements. Snyder did not ask that his creditors be enjoined from proceeding to exercise any contractual rights which they may have had until the 26th day of September, 1939. Snyder, who was served with process in the detinue actions, had knowledge of Banks' effort to recover the farm equipment here considered. He had ample time within which to apply to this Court for an injunction to protect himself against loss of this property as a result of said actions. Snyder did nothing in this particular, however, and apparently did not elect to apply for an appeal until the 20th day of September, 1939, which said date was some two or three weeks subsequent to the recovery of the farm machinery by Banks.

For the reasons hereinabove stated, I conclude that during the interval existing from August 22, 1939, until September 26, 1939, Banks or any other creditor of Snyder was free to exercise such rights as he may have had with reference to the property or effects of Snyder before any Court of competent jurisdiction and, having exercised such rights, that this Court cannot now be asked to recover possession of property which was lawfully acquired during the period after the dismissal of the Debtor's petition and prior to the entry of the restraining order dated September 26, 1939.

An Order, in conformity with this opinion, may be entered in this proceeding.