## BUTTARS v. UTAH MORTGAGE LOAN CORPORATION.

## UTAH MORTGAGE LOAN CORPORATION v. BUTTARS.

### Nos. 2145, 2146.

Circuit Court of Appeals, Tenth Circuit.

Dec. 27, 1940.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant and cross-appellee.

O. W. Moyle, Jr., of Salt Lake City, Utah (George D. Preston, of Logan, Utah, and Dan T. Moyle, of Salt Lake City, Utah, on the brief), for appellee and cross-appellant.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On August 4, 1938, the Utah Mortgage Loan Corporation, herein called the petitioner, filed a mortgage foreclosure proceeding against Thomas J. Buttars, Sr., herein called the debtor, in the proper state court in Utah, seeking foreclosure of a mortgage on certain real estate. Judgment was entered December 24, 1938, sale of the property was made by the sheriff and petitioner in due course of time would have been entitled to a deed. All except sixteen days of the period of redemption had expired when, on July 13, 1939, debtor filed his petition in the District Court of the United States for the District of Utah, seeking benefits under Section 75, subs. a to

r, inclusive, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a to r.

On August 21, 1939, the Conciliation Commissioner reported that a meeting of the bankrupt and the creditors was held on August 14, 1939, at which it was decided that all growing grain and all grain in the possession of the Conciliation Commissioner was to be held by the Commissioner for the benefit of all creditors. No other report was filed by the Conciliation Commissioner.

On July 27, 1939, Petitioner filed its petition in this proceeding in which it recounted the foreclosure proceedings and alleged that the proceedings by debtor were instituted for the purpose of hindering, delaying and postponing the issuance of a sheriff's deed, and prayed that debtor be denied any relief which might affect the rights of petitioner, and that the proceedings be dismissed.

This petition was heard by the court on August 26, 1939, and on October 9, 1939, it entered an order that the court retain jurisdiction of the real estate covered by the mortgage for a period of sixty days from August 26, 1939; that during this period the debtor be authorized to repurchase from petitioner the real estate for the total sum of $5,574.25, with interest and costs, if any, incurred during the sixty-day period, for preparing the ground for seed; that if debtor failed in this, that then the real estate be released and discharged from the jurisdiction of the court and the Sheriff of Cache County, Utah, be authorized and directed to issue a sheriff's deed to petitioner.

On November 27, 1939, the debtor filed an amended petition seeking relief under Section 75, sub. s of the Bankruptcy Act, and was adjudged a bankrupt on the same day. The petition alleged that debtor had submitted proposals to his creditors and had carried on negotiations for composition and settlement of his debts; that said negotiations were unsuccessful and that he had failed to obtain the acceptance of a majority in number and amount of his creditors. The petition was verified as of October 13, 1939. On the same day the petition was referred to the Conciliation Commissioner. An inventory and appraisement was filed February 8, 1940, setting out the appraised value of the property of debtor and fixing the rental thereof at $525. On the same day the court entered an

order staying proceedings for a period of three years.

On November 27, 1939, the Sheriff of Cache County, Utah, delivered a deed to the real estate covered by petitioner's mortgage which had been foreclosed by petitioner. On March 26, 1940, petitioner filed its petition alleging that debtor had failed to comply with the provisions of the order of the court entered October 9, 1939; that debtor had failed to make payment to the clerk of the court of the sum provided for in the order; that therefore petitioner was entitled to possession of the property; and prayed that the property be stricken from the inventory and appraisement.

On April 8, 1940, the court entered its order to the effect that on November 27, 1939, the day on which the debtor filed his petition under Subsection s, the period of redemption of the property sold under petitioner's mortgage had expired; that the right of redemption had been extinguished and that petitioner was the owner and entitled to the exclusive possession thereof; that the court had no jurisdiction over the property by reason of the proceedings under Subsection s, and ordered the property stricken from the debtor's schedules. The court denied petitioner's prayer asking that the adjudication in bankruptcy of the debtor be set aside and the proceedings dismissed.

Debtor has appealed from that portion of the order striking the mortgaged property from the schedules, and petitioner has filed a cross-appeal from that part of the order refusing to set aside the adjudication in bankruptcy and dismissing the proceeding.

■ The report of the Conciliation Commissioner of August 21, 1939, was not such a report as is required by Section 75, sub. o of the Bankruptcy Act to authorize the court to permit proceedings against the debtor outside of the bankruptcy court. McFarland v. West Coast Life Ins. Co., 9 Cir., 112 F.2d 567. The court, however, had jurisdiction of the parties and of the subject matter. Its order was not void, but only erroneous. Bastian v. Erickson, 10 Cir., 114 F.2d 338; Union Joint Stock Land Bank of Detroit v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041. The order apparently was entered with the approval of the debtor. No appeal was taken from the order; its correctness may not be challenged collaterally on appeal from the order of April 8, 1940. Union Joint Stock Land Bank v. Byerly, supra. The order of October 9, 1939, became effective and binding on the debtor upon his failure to appeal therefrom. When he failed to comply with the provisions of that order his right to redeem expired with the end of the sixty-day period and he had no further rights of redemption or interest in the property.

■ But even if the order of October 9, 1939, were not an insurmountable barrier, debtor must nevertheless fail. Subsection n provides that where at the time of filing of a petition under Section 75 the period of redemption has not expired it shall be extended for the period reasonably necessary for the purposes of carrying out the provisions of the act, that is, to afford the debtor an opportunity to work out a composition or extension of his debts with the creditors. If a composition is not procured within a reasonable time the stay terminates and the period of redemption again begins to run.

While petitioner contends that negotiations for composition and settlement of his claims were going on all the time and as late as November 29, 1939, on October 13, 1939, he stated under oath that he had made a bona fide offer of composition and extension to his creditors and had conducted negotiations for the composition and settlement of his debts; that said negotiations were unsuccessful; that he had failed to obtain an acceptance of a plan and was aggrieved thereby and desired to obtain the benefits of Subsection s. Nothing appears in the record indicating that these verified facts were otherwise than as stated. The automatic stay provided in Subsection n therefore terminated on October 13, 1939, and the period of redemption of the remaining sixteen days again began to run. The amended petition to come in under Subsection s was not filed until November 27, 1939. In the interval, the remaining period of redemption had expired and he had no remaining interest in this property when he filed his amended petition. The property was properly stricken from the bankruptcy proceedings.

The disposal made of the appeal of the debtor renders it unnecessary to consider the question presented by petitioner's cross-appeal because it can in no wise be injured by the court's refusal to dismiss the bankruptcy proceedings.

Affirmed.