**LAYTON et al. v. THAYNE et al.**

No. 2144.

Circuit Court of Appeals, Tenth Circuit.

Dec. 27, 1940.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellants.

Paul B. Cannon, of Salt Lake City, Utah (Karl V. King, A. M. Cheney, and H. L. Mulliner, all of Salt Lake City, Utah, on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On April 19, 1933, Clifton B. Layton filed a petition for relief under Section 75, subs. a to r, inclusive, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a to r. On April 22, 1935, he filed an amended petition under Subsection s, seeking the benefits thereof, and was adjudged a bankrupt on April 23, 1935. Subsection s having been declared unconstitutional by the Supreme Court, the bankruptcy court on May 27, 1935, dismissed the amended petition. No other petition was filed by the debtor seeking further relief under Subsection s after it was repassed by Congress. During and since 1935 the debtor, Clifton B. Layton, has not been primarily engaged in producing products of the soil.

Throughout 1935 and 1936 the Conciliation Commissioner, in conjunction with the debtor, purportedly acting under Section 75, made various compositions and compromises with certain of the lien creditors of the debtor. On February 26, 1937, the Commissioner filed his report with the court, recommending the dismissal of the proceedings. No action was taken until December 10, 1938, when the purported proceedings under Section 75 were dismissed.

On January 11, 1940, the Utah Wool Marketing Ass'n filed a petition in the proceedings, reciting that it was a creditor of the bankrupt; that he had filed his petition under Section 75, and an amended petition under Subsection s; that Subsection s was declared unconstitutional; that amended Subsection s provided that proceedings filed under the original section should be promptly reinstated; that the court dismissed the proceedings December 10, 1938, without notice to petitioners; and prayed that the order of dismissal be vacated and the proceedings reinstated. Ruth E. Layton and other creditors filed similar petitions. After a hearing, the court made findings of fact and concluded as a matter of law that the petitioners were not entitled to have the order vacated. The judgment was that the petition of the creditors seeking to have the order of dismissal set aside be denied. From this, an appeal has been taken to this court. The parties will be referred to as petitioners and debtor.

■■ The attack upon the order of dismissal of December 10, 1938, is that it was made without notice to petitioners. The proceedings initiated by the original petition under Subsections a to r, inclusive, terminated when the amended petition was filed seeking relief under Subsection s. Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875; Bernards v. Johnson, 9 Cir., 103 F.2d 567. The proceedings begun under Subsection s fell when that part of the act was declared unconstitutional by the Supreme Court, and the petition was dismissed by the court. The subsequent re-enactment of Subsection s by Congress did not automatically reinstate the earlier proceedings which had been dismissed. Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041. To reinstate these proceedings it was necessary that the debtor make an application to that effect. No such application was ever made and therefore no proceedings were pending on December 10, 1938, when the court entered its order of dismissal and there was nothing for the court to dismiss. The order of the court of December 10, 1938, was a nullity because there was no case pending in the court to which the order could apply.

Affirmed.