## WILLIAMS et al. v. GREAT SOUTHERN LIFE INS. CO. (two cases).
### Nos. 11368, 11369.

Court of Civil Appeals of Texas. Galveston.
Feb. 19, 1942.

Rehearing Denied March 12, 1942.

Monning & Singleton, of Amarillo (Ben P. Monning, of Amarillo, of counsel), for appellants.

Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, for appellees.

GRAVES, Justice.

Great Southern Life Insurance Company filed this, its suit, based upon notes, seeking to foreclose on lands, asking for a money judgment and foreclosure against property of J. L. Williams et al.; J. L. Williams is the principal defendant; proceedings in the State Court were abated and suspended as early as April, 1934, and down to the date of this judgment, September 30, 1941; a plea in abatement was filed by J. L. Williams setting forth the pendency of proceedings in bankruptcy in the Amarillo Division of the United States District Court for the Northern District of Texas, and other grounds of abatement; the District Court overruled the abatement plea and decreed judgment on the debt and for a foreclosure on properties belonging to J. L. Williams et al.—the abatement setting up the pendency of bankruptcy proceedings for farmers, evidenced by a petition in bankruptcy, was filed by Joseph Lankston Williams, one and the same person as J. L. Williams, on the 19th day of October, 1940, being No. 1304 in Bankruptcy, in the District Court of the United States for the Northern District of Texas, Amarillo Division, and further

setting forth that the record was before the Circuit Court of Appeals for the Fifth Circuit, sitting at New Orleans, Louisiana, that such proceeding was appealed to that court on the 8th day of April, 1941, and that the record was printed and filed in the Circuit Court on the 14th day of June, 1941.

Appellants duly excepted to the judgment entered by the State District Court in this cause, and gave notice of appeal, and in due and proper time filed their appeal bond, and this cause is now properly and legally before this court.

To this statement it should be added, however, that the bankruptcy proceeding filed by appellant, J. L. Williams, was by the United States District Court dismissed on October 25, 1940, and that Williams, when he so appealed on April 8 of 1941 from such order of dismissal, did not file any supersedeas bond.

Appellants in this court raise only the question of whether or not the trial court had jurisdiction to entertain the cause at all, in these two presentments:

"Point of Error No. I.

"The Federal District Court for the Northern District of Texas, sitting in Bankruptcy, had the exclusive jurisdiction over the assets and liabilities of J. L. Williams at the time judgment was rendered on the debt and for foreclosure in this action.

"Point of Error No. II.

"These proceedings in the State District Court for debt and foreclosure should be abated as against J. L. Williams, after the filing by J. L. Williams, on October 19, 1940, of proceedings in composition or extension in bankruptcy."

Since, as indicated, the quoted points together raised but the one question of jurisdiction, they are likewise supported by a single list of authorities, which is this:

Acts of Congress relating to Bankruptcy of Farmers

Title 11, U.S.C.A. Section 203, known as Section 75 in Bankruptcy Act

Subsection n
Subsection o
Subsection o Subsection (2)
Subsection p
Subsection r

Benitez v. Bank of Nova Scotia, 313 U.S. 270, 61 S.Ct. 953, 85 L.Ed. 1324;

Chandler Act, § 1(17) 11 U.S.C.A. § 1(17); First National Bank & Trust Co. v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; Shyvers v. Security First National Bank, 9 Cir., 108 F.2d 611, 126 A.L.R. 674; Joseph Lankston Williams, Debtor, Appellant, v. Great Southern Life Insurance Company et al., Appellees, 5 Cir., December 13, 1941, 124 F.2d 38.

On reviewing the record, this court concludes that, aside from such aid and comfort as they may take from their own construction of Section 75, of the Act of Congress, 11 U.S.C.A. § 203, relating to bankruptcy of · farmers and its relied-upon subsections, the authorities appellants so cite do not support either of their claimed points of error—quite the contrary, when they are applied to the distinguishing facts of this case, the talisman to which has already been earmarked in the concluding recitation of the general statement supra, to the effect that the Bankruptcy Court had, six days after Williams filed his application for relief as a farmer at the hands of that court under Section 75, dismissed the entire proceeding; whereupon, and at a time when in consequence there was nothing pending in any way invoking the Bankruptcy Court's jurisdiction, the State Court resumed the jurisdiction over this controversy it had had since March 29 of 1934, when the suit had been first filed therein, and, after hearing the evidence, entered this appealed-from judgment on September 30 of 1941.

In other words, it seems clear that, on the authority of the decisions the appellants themselves so cite, that at the time this judgment was rendered a Federal District Court, because of such dismissal of the bankruptcy proceedings from its docket, had no jurisdiction of the assets or liabilities of Williams; wherefore it was competent for the State trial court to proceed to hear the cause that had been so long pending there, and thereupon to enter the judgment now at this bar. As indicated, this suit had been originally filed in the trial court March 29 of 1934; on April 2 of 1934 the Williamses and another filed their pleas in abatement to have the prosecution of the suit deferred until another suit by them against the appellee here, that was then pending in another district court of Texas, could be first disposed of; on April 23 of 1934 the trial

court sustained those pleas and so suspended a trial of this cause until a final judgment should be entered in that other district court of Texas; subsequently that impediment, too, had been removed by the final disposition of that cause, as reflected in Great Southern Life Ins. Co. v. Williams, Tex.Civ.App., 135 S.W.2d 241.

So that appellants had nothing of substance to base their two claims upon, except the fact that they did merely file such application in the Bankruptcy Court on October 19 of 1940; that, potentially at least, might have saved them from having to answer to the appellee's then pending suit in the State court against them on the notes here involved, had they either been able to maintain their toe-hold in the Bankruptcy Court, or had they nullified its elimination of jurisdiction over their assets and liabilities by so filing a supersedeas bond in the appeal they took from that action; but they were both unsuccessful in resisting the dismissal and neglectful of their opportunity in failing to have the blackout it visited on them superseded.

The holdings appellants cite do not seem to have been made upon the distinctive equivalent of the state of facts as thus obtains here; the cited holding of the United States Circuit Court of Appeals in No. 9894, Williams v. Great Southern Life Ins. Co., in ultimate purport, simply is that Williams was a farmer within the meaning of the Bankruptcy Act—a far cry from the only question here involved; their other cases of Benitz v. Bank of Nova Scotia, and Shyvers v. Security First National Bank, likewise determine only the same inquiries, that is, whether the individual parties there were farmers or not; the Kalb v. Feuerstein case, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370, they so depend upon, had to do with the protection afforded the debtor under the Bankruptcy Act, after he had properly invoked it by the timely filing of his petition, and not with a situation such as this, where the Bankruptcy Court had already dismissed the debtor's petition for want of jurisdiction, after having determined as a fact that he was not a farmer.

As contradistinguished from appellants' citations, these holdings and authorities seem to determine the only issue here adversely to them, and in support of the trial court's action: Union Joint Stock Land Bank of Detroit v. Carl Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041; 21 Corpus Juris Secundum, Courts, p. 177, § 116; In re Snyder, D.C., 32 F.Supp. 903.

By analogy, at least, the holding of the Supreme Court of the United States in the Byerly case [310 U.S. 1, 60 S.Ct. 777, 84 L.Ed. 1041] seems to support the retention of jurisdiction by the trial court in these facts, the gist of which is this: "Although the State court's jurisdiction was superseded by that of the bankruptcy court, it again attached upon the dismissal of the bankruptcy case, and, thenceforward, as respects the foreclosure suit, and the State court's procedure, it was as if no bankruptcy case had ever existed."

■ That holding was by a divided court, and appellants here appear to take the view of the three dissenting members; but the authoritative rule went the other way, of course.

■ Appellants' further construction of Section 75 of the Bankruptcy Act relating to farmers, as is plainly implied in their point of error No. 2, that such statute constituted an automatic stay against the prosecution to judgment of this appellee's suit against them, merely because of and "after the filing of his petition", plainly appears to be unsound, in that express right seems to have been conferred by other provisions of the Bankruptcy Act upon the Federal District Court to determine whether or not the appellants' petition had been properly filed. Bankruptcy General Orders L, (2), 11 U.S.C.A. following section 53; 21 Corpus Juris Secundum, Courts, p. 177, § 116, supra.

■ Neither should the belated reversal by the United States Circuit Court, 5 Cir., 124 F.2d 38, on December 13 of 1941, of the Federal District Court's action in dismissing appellants' petition herein on the preceding October 25 of 1940, be given the effect of preventing the re-attaching meanwhile of the State Court's jurisdiction over appellants' properties; because a subsequent 90-day right of appeal from that decision to the Supreme Court of the United States inured to their opponents in that proceeding, and they themselves had meanwhile neglected to exercise the right they had to maintain the Federal court's jurisdiction over their affairs by filing the supersedeas bond when they appealed from the district court's action in having so dismissed their petition; consequently, under Fed-

eral Court holdings and rules, they had not earned ad interim protection against such re-attaching of the State Court's control, nor, it is thought, should the State Court have granted them any such relief either. See In re Snyder, D.C., 32 F.Supp. 903, cited supra.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.