HARRIS *v.* MAHONY, SUBSTITUTED TRUSTEE.

4-7457                           184 S. W. 2d 816

Opinion delivered January 8, 1945.

*G. E. Snuggs,* for appellant.

*J. K. Mahony, H. S. Yocum, Emon A. Mahony* and *C. E. Wright,* for appellee.

HOLT, J. May 7, 1938, appellees filed suit to foreclose the lien of two deeds of trust covering certain land and other property in Union county. Following service of summons, appellants filed answer July 20, 1938, and thereafter, on September 27, 1938, appellant, J. P. Harris, filed farmer-bankruptcy petition under the provisions of § 75 of U. S. Bankruptcy Act, (U.S.C.A. Title 11, § 203 (s)). March 24, 1939, appellant's bankruptcy petition was dismissed by the district court of the United States, and on May 1, 1939, the Union chancery court, second division, entered a decree of foreclosure in the

action, *supra,* filed by appellee May 7, 1938. On January 23, 1940, the U. S. district court, by proper order, reinstated the farmer-bankruptcy petition of appellant, J. P. Harris, filed September 27, 1938, and on April 3, thereafter, entered an order granting the bankrupt a period of three years for financial rehabilitation. May 12, 1943, thereafter, on motion of appellees, the U. S. district court made the following order:

"Now upon consideration of the motion of secured creditor for permission to proceed with mortgage foreclosure, and of debtor's petition for extension of time, and the waiver in open court by attorneys for debtor and secured creditor of reappraisement of the property involved, it is, by the court, ordered that the debtor be granted until and including November 1, 1943, to pay into the registry of this court the unpaid balance of the principal of the mortgage debt due the secured creditor, The First National Bank of El Dorado, Arkansas, namely the sum of $5,900.01, plus interest thereon at the rate of ten per cent. (10%) per annum from November 22, 1942, to the date of said payment, and it is further ordered that if said debtor does not pay into the registry of the court on or before said November 1, 1943, said sum of $5,900.01, plus interest thereon at the rate of ten per cent. (10%) per annum from November 22, 1942, to the date of said payment, said secured creditor, The First National Bank of El Dorado, Arkansas, is permitted to proceed with the foreclosure sale of the property mortgaged to it in the action now pending in the Union (county, Arkansas) chancery court, second division, and therein styled *N. C. Marsh, Trustee, et al., Plaintiffs,* v. *J. P. Harris, et al., Defendants,* being case No. 6067 on the docket of said court, and as authority for its right to proceed with such foreclosure sale, may file a certified copy of this order in said chancery court."

December 6, 1943, appellees, by appropriate proceedings in the Union chancery court, secured an order directing the sale of the property in question to satisfy the balance due on appellees' judgment, which the court found to be $5,900.01, with interest. We quote from the

court's decree the following: "There is filed in court a certified copy of the order of the El Dorado division of the district court of the United States for the western district of Arkansas, and authorizing plaintiff to proceed with its foreclosure in the chancery court of Union county, Arkansas. Defendants file a motion to the jurisdiction and same is overruled, whereupon, defendants file a second motion on the merits, and said second motion is overruled; and, from a consideration of said motion and said pleadings, with exhibits thereto, all of which were duly filed, from which and the evidence adduced before the court on hearing, the court finds," etc.

This appeal followed.

For reversal, appellants say: "There is no authority granted under the provisions of § 75 of the Bankruptcy Act for the delegation of jurisdiction to the state chancery court, after the filing of petition for adjudication under subsection (5), whereby power can be given to the state chancery court, or any of its officers or commissioners, to take charge of the properties of the bankrupt estate by the Act of Congress placed in the possession, custody and control of the conciliation commissioner, and referee, and administer, sell, or dispose of the same."

We cannot agree with this contention of appellants. The authorities seem to agree that the U. S. district court has the authority to order the trustee in bankruptcy to relinquish any claim to property covered by mortgage lien of a creditor when it appears that no equity would remain to the bankrupt after satisfying the secured creditor's claim, or where the property might become burdensome in the hands of the trustee for the bankrupt, and also to order the secured creditor to proceed with foreclosure in the state court. This authority is found in § 75 (s), paragraph 3, of the Bankruptcy Act, *supra,* which provides: "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for

in this title." See *Donald* v. *San Antonio Joint Stock Land Bank of San Antonio,* (C.C.A. 5) 100 Fed. 2d 312; *Large* v. *Metropolitan Life Ins. Co.,* (C.C.A. 4) 103 Fed. 2d 593; *Borchard, et al.,* v. *California Bank, et al.,* (C. C.A. 9) 107 Fed. 2d 96; *McFarland* v. *West Coast Life Ins. Co., et al.,* (C.C.A. 9), 112 Fed. 2d 567; and *Federal Land Bank of Berkeley, et al.,* v. *Nalder,* (C.C.A. 10), 116 Fed. 2d 1004.

In 6 American Jurisprudence, p. 727, § 336, the text writer says: "Moreover, the implication from the language of the cases warrants the conclusion that the so-called 'exclusive jurisdiction' of the bankruptcy court in proper cases does not *ipso facto* oust the jurisdiction of the state court or invalidate proceedings had thereunder; and . . . where the bankruptcy court grants permission for the institution of the proceedings in the state court, the latter court has jurisdiction and right to entertain a suit to foreclose a lien and proceed to sale thereunder."

Appellants also contend that the decree of foreclosure of May 1, 1939, by the Union chancery court is void and of no effect. We think, however, that this contention is untenable for the reason that at the time this decree was made, appellant's bankruptcy petition had for some time prior thereto been dismissed by the U. S. district court, and this dismissal restored the power of the state court to proceed in the foreclosure proceedings. We so held in the recent case of *Jones* v. *The National Bank of Commerce of El Dorado, ante,* p. 613, 182 S. W. 2d 377. There we quoted with approval from *Union Joint Stock Land Bank of Detroit* v. *Carl Byerly,* 310 U. S. 1, 60 S. Ct. 773, 84 L. Ed. 1041, wherein it was said: "Although the state court's jurisdiction was superseded by that of the bankruptcy court, it again attached upon the dismissal of the bankruptcy case, and, thenceforward, as respects the foreclosure suit, and the state court's procedure, it was as if no bankruptcy case had ever existed."

Appellants also argue that the Union chancery court was without authority to make its order of sale of December 6, 1943, because "the condition precedent to juris-

diction in the state chancery court under the conditional order of said (U. S.) district court, has not been shown."

It will be noted, however, from this order, *supra,* that it was made after consideration of the pleadings, exhibits and "the evidence adduced before the court on hearing." In the absence of evidence to the contrary—and we find none—we must assume here that the court's order was supported by proper proof.

There is an additional reason why the decree of the trial court was correct. It appears that appellants did not appeal from the order of the U. S. district court of May 12, 1943, *supra,* and regardless of the validity of that order, appellants are now too late to complain.

In *Bernards* v. *Johnson,* 314 U. S. 19, 62 S. Ct. 30, 86 L. Ed. 11, the Supreme Court of the United States held (headnote 6): "A state court has jurisdiction to proceed with the foreclosure of mortgages on farm land as to which a proceeding is pending under § 75 of the Bankruptcy Act, where the orders of the bankruptcy court leave the mortgagees free to prosecute foreclosure, and no application for review or timely appeal from such orders is filed by the bankrupt," and in the opinion, it is said: "The orders and decrees entered by the bankruptcy court, if valid, relieved the respondents, as mortgagees, of any disability to pursue their foreclosure suits arising out of the pendency of the bankruptcy proceedings and left them free to prosecute the foreclosures in the state courts. However erroneous the challenged orders, the remedy for their correction was by timely application for review or timely appeal."

Finding no error, the decree is affirmed.