PER CURIAM.
Originally the Moores purchased an apartment building from Blake Realty subject to a mortgage owned by the Abrams. When the Moores defaulted the Abrams sued for and procured a final judgment of foreclosure in the sum of $76,095.25. On the eve of the foreclosure sale, the Moores sought the haven of Chapter 13 in bankruptcy. Bankruptcy proceedings continued for a number of years during which various payment plans were established.
In 1999, the Moores’ bankruptcy petition was dismissed, as opposed to being discharged. The Moores continued to make payments on the judgment but again defaulted in May of 1999. At that point the Abrams moved to amend the original final judgment to reflect that the adjusted balance due on the foreclosure judgment, with credits for payments made and including statutory interest from the original date of foreclosure, was the sum $55,911.35.[1]
The issue before us is whether, given the circumstances, the Abrams are entitled to statutory interest from the date of the original judgment or whether, as the Moores argue, interest should be calculated only from the date of the second default. The trial court agreed with the Moores. However, we are persuaded by the Abrams that when a bankruptcy is dismissed the prior state court proceedings are reinstated as though the bankruptcy had not intervened. See Union Joint Stock Land Bank of Detroit v. Byerly, 310 U.S. 1, 8, 60 S.Ct. 773, 84 L.Ed. 1041 (1940). As the Eleventh Circuit Court of Appeals recently held in In re Bateman, 331 F.3d 821, 834 (11th Cir. 2003):
[AJlthough the parties are bound to the terms of the Plan, as confirmed, [the mortgageej’s secured claim for arrear-age survives the Plan and it retains its rights under the mortgage until [its] claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, [the mortgagee] will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim.
In sum, the trial court’s order is reversed because the bankruptcy’s dismissal and subsequent default eliminated the Moores’ cure rights and the state court proceedings should have been reinstated as though the bankruptcy had never occurred.
Reversed and remanded.

. Upon motion, the Moores were permitted to sell the property, the Abrams relinquished any claim of lien against the property, and the Moores were ordered to place a portion of the sale proceeds in escrow sufficient to cover the Abrams’ amended foreclosure demands and attorney's fees.